[668 NYS2d 605]

In the Matter of MARK E. GOLD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 17, 1998

#### APPEARANCES OF COUNSEL

*Kathleen Feerick* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mark E. Gold,* respondent *pro se.*

#### OPINION OF THE COURT

Per Curiam.

Respondent, who appears *pro se*, was admitted to the practice

of law in the State of New York by the Third Judicial Department on December 8, 1987. He was also admitted to practice as an attorney and counselor-at-law in the State of New Jersey. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent for six months predicated upon the fact that he was similarly disciplined by the Supreme Court of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.

By decision and order dated April 23, 1997, the New Jersey Supreme Court suspended respondent from the practice of law for six months, effective May 16, 1997, for having engaged in a loan transaction representing both sides, in violation of rule 1.7 of the New Jersey Rules of Professional Conduct (RPC). In addition, the court found that respondent entered into prohibited transactions with clients and failed to advise them of their right to seek independent counsel, in violation of RPC 1.8. Respondent was also found to have failed to safeguard client funds, in violation of RPC 1.15.

The court's decision was based upon the unanimous determination of the Disciplinary Review Board on October 17, 1996, which, in turn, was based upon the report of a Hearing Panel on January 17, 1995. An evidentiary hearing was held on this matter before a Hearing Panel on October 13, 1994 at which respondent was represented by counsel.

In seeking an order pursuant to 22 NYCRR 603.3 sanctioning respondent, the Committee asserts that respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c). Respondent does not dispute that he has no defense pursuant to 22 NYCRR 603.3 (c) (1) and (2), but contends that he has a defense under 22 NYCRR 603.3 (c) (3), which permits an attorney to assert that the misconduct for which he or she was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction.

We agree with the Committee that the New Jersey Supreme Court's findings of misconduct are supported by the record, which includes the testimony of the grievants, documentary evidence, and respondent's own testimony, including numerous admissions regarding the charges against him.

Count One charged respondent with violating RPC 1.8, which provides in relevant part: "(a) A lawyer shall not enter into a

business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless (1) the transaction and terms in which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in manner and terms that should have reasonably been understood by the client, (2) the client is advised of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent counsel of the client's choice on the transaction, and (3) the client consents in writing thereto".

The Review Board found Marilyn Dori had been respondent's legal secretary since 1987 and, in 1988, respondent had represented Mrs. Dori and her husband, Cosmo, in purchasing a residence.

In 1989, respondent approached Mrs. Dori, who then arranged with her husband a loan of $57,000 to respondent and his wife. Respondent prepared the note and the mortgage which was used in the transaction. When respondent failed to pay the balance plus accrued interest on the due date of the loan, the Doris were forced to hire independent counsel to represent their interests in obtaining a judgment against respondent and his wife for the principal of the loan plus accrued interest. As of the time of the Hearing Panel's report, respondent had not repaid the Doris.

The Review Board found that it was reasonable for the Doris to conclude that respondent was representing their interests in the loan transaction. Nevertheless, respondent failed to disclose the terms of the loan transaction to the Doris, which terms were neither fair nor reasonable. In addition, respondent failed to inform the Doris of the advisability of seeking independent counsel with regard to the loan transaction and did not obtain written consent to represent them despite the apparent conflict of interest between them.

Count Two charged respondent with violating RPC 1.7 (a) (2), (b) (2) and (c) (2) which provide:

"(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless * * *

"(2) each client consents after a full disclosure of the circumstances and consultation with the client, except that a public entity cannot consent to any such representation * * *

"(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's re-

sponsibilities to another client or to a third person, or by the lawyer's own interests, unless * * *

"(2) the client consents after a full disclosure of the circumstances and consultation with the client, except that a public entity cannot consent to any such representation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved * * *

"(c) This rule shall not alter the effect of case law or ethics opinions to the effect that * * *

"(2) in certain cases or situations creating an appearance of impropriety rather than an actual conflict, multiple representation is not permissible, that is, in those situations in which an ordinary knowledgeable citizen acquainted with the facts would conclude that the multiple representation poses substantial risk of disservice to either the public interest or the interest of one of the clients."

The Review Board found that, in October 1990, respondent again asked Cosmo Dori to loan $68,000 to his client, J.A. Cobb & Sons, Inc., which loan would be secured by a mortgage on property owned by the borrower. Additionally, respondent guaranteed the loan. Respondent prepared all the documents involved in the transaction. Mr. Dori understood that respondent was acting as his and Cobb's attorney. Indeed, when Cobb stopped making interest payments, respondent instituted court proceedings to have certain monies from a condemnation proceeding against the property released to the Doris. Respondent did not recommend to Mr. Dori that he seek other counsel.

The Review Board found that, although there was no formal attorney-client relationship, the Doris reasonably believed that respondent was acting as their attorney. The Board found that "[r]espondent's representation of mortgagor and mortgagee under these circumstances clearly created a conflict of interest situation". It also found that respondent's motivation of self-gain, in attracting future legal business from Cobb should the loan go through, was an aggravating factor.

Finally, the third count charged respondent with violations of RPC 8.4 (c) and (d), for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaging in conduct that is prejudicial to the administration of justice, for failing to remit his employee's withholding taxes to State and Federal taxing authorities. Based upon the evidence introduced

at the hearing, the Review Board did not sustain these charges, but rather found that respondent violated RPC 1.15, which provides, in relevant part: "(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive."

In so holding, the Review Board found that respondent admitted that he withheld taxes from Mrs. Dori's wages for the years 1989 and 1991 but did not forward the employee payroll taxes to the proper governmental authorities. As a result, respondent failed to ensure that his employee payroll taxes were paid as required by law. The Review Board found that such conduct violated respondent's fiduciary obligation to remit employee funds to governmental authorities. Moreover, the Review Board found that respondent failed to keep the taxes segregated and intact from his own funds.

The Committee asserts that the misconduct for which respondent was disciplined in New Jersey constitutes misconduct in New York. Respondent disagrees and argues that his violation of RPC 1.8 in borrowing $57,000 from a former client does not constitute misconduct in this jurisdiction since "this money was paid back pursuant to agreement". Respondent asserts: "The misconduct occurred not because there was a conflict of interest, but because there was a finding of 'substantial financial harm to the client' coupled with the failure to advise the client to retain independent counsel. However, this finding was made without considering the paid back loan." Respondent's argument is unavailing since respondent's restitution would not constitute a defense to Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23).

Similarly, respondent claims that there was no misconduct in representing two clients, as borrower and lender, since there was no harm to either client. Again, however, the analogous New York provision, DR 5-105 (22 NYCRR 1200.24), contains no requirement that a client actually suffer financial harm.

Respondent also claims that his failure to make timely deposits of withholding taxes is not unethical misconduct in this jurisdiction, especially in light of the subsequent deposit of funds by him sufficient to cover all of the outstanding money due.

The conduct prohibited by RPC 1.8—engaging in a prohibited transaction with a client—is analogous to the prohibition set

forth in DR 5-104 (A) of the New York Lawyer's Code of Professional Responsibility, which states:

"DR 5-104. Limiting Business Relations with a Client.

"A. A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless the client has consented after full disclosure."

New Jersey's rules regarding representation of parties with conflicting interests (RPC 1.7 [a] [2]; [b] [2]; [c] [2]) are analogous to similar conflict provisions in New York, namely, DR 5-105, which provides:

"DR 5-105. Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer.

"A. A lawyer shall decline proffered employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under DR 5-105 (C).

"B. A lawyer shall not continue multiple employment if the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected by the lawyer's representation of another client, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under DR 5-105 (C).

"C. In the situations covered by DR 5-105 (A) and (B), a lawyer may represent multiple clients if it is obvious that the lawyer can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each."

Finally, RPC 1.15 (b) is analogous to DR 9-102 (C) (22 NYCRR 1200.46), which states:

"C. Notification of Receipt of Property; Safekeeping; Rendering Accounts; Payment or Delivery of Property. A lawyer shall:

"1. Promptly notify a client or third person of the receipt of funds, securities, or other properties in which the client or third person has an interest.

"2. Identify and label securities and properties of a client or third person promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"3. Maintain complete records of all funds, securities, and other properties of a client or third person coming into the possession of the lawyer and render appropriate accounts to the client or third person regarding them.

"4. Promptly pay or deliver to the client or third person as requested by the client or third person the funds, securities, or other properties in the possession of the lawyer which the client or third person is entitled to receive."

Since no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline, as set forth in 22 NYCRR 603.3, should be granted.

With regard to the issue of sanctions, it is a generally accepted principle that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see, Matter of Reiss*, 119 AD2d 1, 6). While ordinarily we would impose the same sanction as the Supreme Court of New Jersey to run coextensively, inasmuch as the six-month suspension imposed by that court ended on November 16, 1997, we find a public censure to be the more appropriate sanction in these circumstances.

Accordingly, the Committee's petition for an order pursuant to 22 NYCRR 603.3 should be granted to the extent that respondent is hereby censured.

WALLACH, J. P., RUBIN, WILLIAMS, TOM and ANDRIAS, JJ., concur.

Petition granted to the extent that respondent be publicly censured.