[723 NYS2d 811]

In the Matter of WILLIAM H. BOND, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, May 2, 2001

## APPEARANCES OF COUNSEL

*Thomas F. Brinkworth,* Buffalo, for respondent.
*Margaret C. Callanan,* Buffalo, for petitioner.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 2, 1969, and maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charg-

ing respondent with acts of professional misconduct. Respondent filed an answer admitting material allegations of the petition and appeared before this Court to submit matters in mitigation.

Respondent admits that he arranged a loan for clients to enable them to avoid a foreclosure action and that he simultaneously represented those clients as borrowers, and his wife and mother as lenders, without making full disclosure of the potential conflict of interest and without obtaining the informed consent of the clients. Respondent continued to represent the clients in a bankruptcy proceeding that was commenced after the death of his mother, when respondent, acting as executor of his mother's estate, was a creditor of the clients. He thereafter successfully moved to withdraw as counsel based upon the conflict presented by his dual status as the clients' creditor and attorney, and he commenced a foreclosure proceeding against the clients.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility in effect prior to June 30, 1999:

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting employment when the exercise of his professional judgment on behalf of his clients was or reasonably could have been affected by his own financial, business, property or personal interests, without the consent of the client after full disclosure;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with clients when he and the clients had differing interests therein, without the consent of the clients after full disclosure; and

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment when the exercise of his independent professional judgment in behalf of the client was or was likely to be adversely affected by the acceptance of the proffered employment, or was likely to involve him in representing differing interests.

In mitigation, we have considered respondent's expression of remorse and previously unblemished record after more than 30 years of practice. Additionally, we note that respondent, in arranging the loan for his clients, was attempting to assist them and was not motivated by a desire for financial gain. Accordingly, we conclude that respondent should be censured.

PIGOTT, JR., P. J., WISNER, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order of censure entered.