[813 NYS2d 339]

In the Matter of THOMAS J. FENDICK, an Attorney, Respondent. GRIEVANCE COMMITTEE of the SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 28, 2006

18

### APPEARANCES OF COUNSEL

*Margaret C. Callanan, Principal Counsel, Attorney Grievance Committee for the Eighth Judicial District,* Buffalo, for petitioner.

*Joel L. Daniels,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 22, 1985, and maintains an office for the practice of law in Warsaw. The Grievance Committee filed a petition charging respondent with engaging in representation involving multiple conflicts of interest and with other misconduct. Respondent, in the answer, denied material allegations of the petition, and the parties executed a stipulation resolving outstanding issues of fact. Respondent appeared before this Court and submitted matters in mitigation.

Respondent represented a buyer in a real estate transaction who borrowed funds jointly owned by respondent and respondent's wife in order to purchase the property. In addition, the buyer executed a mortgage in favor of respondent's wife in order to secure the loan. Respondent admitted that he failed to make the requisite disclosures to the buyer or to obtain his consent regarding the conflict of interest.

When the property was resold, respondent represented both the buyer and the seller. Respondent's wife loaned funds to the seller and to the buyer, and the buyer executed a mortgage in favor of the seller and respondent's wife as comortgagees. Respondent admitted that the purported consent to the dual representation executed by the buyer and the seller was inadequate and that he failed to make the requisite disclosures or to obtain the requisite consent of the buyer and the seller to the inherent conflict of interest arising from his financial interest in the transaction. Further, when a dispute arose between the buyer and the seller regarding repairs to the property, respondent failed to withdraw from representation even after the seller complained to him regarding the dual representation.

Additionally, in a series of real estate transactions in which he represented the buyers, respondent and his wife loaned funds to the buyers, and the buyers executed mortgages in favor of respondent and respondent's wife jointly, or, respondent's wife individually, to secure the loans. Respondent has admitted that he failed to make the requisite disclosures to the buyers or to obtain their consent to the conflict of interest.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by his own financial interests;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client without disclosing the terms of the transaction to the client in writing and obtaining the consent of the client in writing to those terms and to his inherent conflict of interest in the transaction;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of his independent professional judgment on behalf of the client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved; and

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved.

We have considered the matters submitted by respondent in mitigation, including that he no longer represents multiple parties to real estate transactions and that he has handled more than 1,000 real estate transactions over the course of a 20-year career without a client complaint. Additionally, we note that respondent has expressed remorse and that the misconduct engaged in by respondent did not result in harm to any client.

Accordingly, we conclude that respondent should be censured (*see Matter of Bond*, 282 AD2d 93 [2001]).

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and SMITH, JJ., concur.

Order of censure entered.