OPINION OF THE COURT
Per Curiam.
Respondent Bruce Eric Baldinger was admitted to the practice of law in the State of New York by the First Judicial Department on May 6, 1985.[1] At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.[2]
In June 2008, respondent was reprimanded by the Supreme Court of New Jersey for engaging in a business transaction with two clients (client No. 1 and client No. 2) under circumstances which presented a conflict of interest and for failing to take the required safeguards to address the conflict. Respondent failed to inform the Departmental Disciplinary Committee (DDC) of the discipline imposed in New Jersey as required by Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 (d). The Committee only learned of the discipline in January 2011 in connection with its investigation of an unrelated complaint which was ultimately dismissed.
By petition dated September 11, 2012, the Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, imposing reciprocal discipline on respondent, to wit, a public censure (the equivalent of a reprimand in New Jersey).
In response, respondent explains that during the course of the New Jersey proceeding he was represented by three different counsels none of whom advised him of his obligation to report the discipline. According to respondent, he relied on his former attorneys to take the necessary steps to report his reprimand. Respondent further explains that he mistakenly assumed that the New Jersey Supreme Court would report his reprimand to the federal courts in New York and that the Committee would automatically be notified thereafter.[3]
*324 In 2006, a District Ethics Committee (DEC) filed a disciplinary complaint which alleged that respondent improperly entered into a business transaction with client No. 1 and client No. 2 and failed to take the required safeguards to address an inherent conflict, in violation of New Jersey Rules of Professional Conduct (RPC) rules 1.7 and 1.8 (a).
Specifically, in 2003, respondent informed client No. 1 and client No. 2, each of whom were involved in real estate development and construction, that he needed to find a new home, but was short of funds because he was in the midst of a divorce. The clients orally agreed they would, using their own funds, purchase and renovate a house for respondent and allow him to reside there and pay the mortgage and property taxes while renovations were proceeding. Once renovations were completed, respondent was to purchase the house from these individuals at cost plus the renovations. They further agreed to subdivide the property with the intention of selling the subdivided portion and sharing any profit.[4]
Client No. 1 ultimately purchased the house for $400,000 and took title in his own name because client No. 2 did not qualify for a mortgage loan. Although another attorney employed by respondent on a per diem basis handled the closing, respondent himself negotiated the terms of the contract of sale and was listed as the buyer’s attorney. At closing a dispute arose between client No. 1 and respondent regarding who was responsible for paying $15,000 in closing costs. Client No. 1, concerned about his potential liability under the contract if he did not close, immediately obtained a $15,000 home equity loan, allowing the closing to be completed.
Respondent briefly resided in the house from April to June of 2004, but was forced to leave when housing code violations were discovered during the renovation process. In July 2004, client No. 1 and client No. 2 requested that respondent purchase the house from them for $600,000 (the purchase price plus the purported cost of renovations), but respondent declined to do so. Once he moved from the house, respondent stopped paying the mortgage and carrying costs, resulting in client No. 1 and client No. 2 covering those costs until September 2006 when the bank holding the mortgage foreclosed on the note.
Between December 2006 and January 2007 a hearing was held before a DEC Hearing Panel at which respondent was *325 represented by counsel. The DEC Hearing Panel issued a report dated May 22, 2007. In its report, the panel concluded that respondent had violated New Jersey RPC rules 1.7 and 1.8. The report recommended that respondent be suspended for an unspecified length of time because of his unethical conduct, representing client No. 1 and client No. 2 in a real estate transaction when he had a personal interest in the transaction, an inherent conflict of interest in violation of RPC rule 1.7 (a) (2). The panel also found it was an ethical violation for respondent to have entered into an unwritten business transaction with his clients and that he should have, but failed to, notify or encourage these individuals to seek independent representation in the transaction. The panel also found that there was no informed consent in writing among the parties outlining the essential terms of the transaction, a violation of RPC rule 1.8 (a) (1), (2) and (3).[5]
[6]
After DEC’s report was reviewed de novo by the New Jersey Supreme Court’s Disciplinary Review Board (DRB) which heard oral argument in January 2008, respondent’s counsel conceded that respondent had violated RPC rule 1.8 (a), but argued, however, that under the particular circumstances, respondent had not violated RPC rule 1.7, and urged the DRB to recommend a reprimand, instead of suspension, as the appropriate sanction.
In April 2008, the DRB issued its decision in which it adopted the DEC’s liability findings but found that New Jersey case law supported reprimand, as opposed to suspension, because respondent’s misconduct did not involve “egregious circumstances or serious economic injury” to his clients. The DRB noted that, while respondent’s clients claimed that they had suffered substantial economic losses, they failed to produce subpoenaed documents relating to their renovation costs, nor had they produced evidence of economic injury attributable to respondent. Rather, their financial losses may have been attributable to higher renovation costs than initially anticipated, due to the unforeseen housing code violations, and the volatility of the real estate market at the time. In addition, the DRB found the credibility of client No. 1 and client No. 2 questionable *326 based on, inter alia, their failure to be forthcoming regarding their criminal records. In support of a reprimand, the DRB explained: “[w]e consider, in mitigation, that respondent, who has been an attorney for twenty-three years, has no disciplinary history. Because there does not appear to be any justification for deviating from the presumptive discipline, we determine that a reprimand is the appropriate discipline.”
By order dated June 10, 2008 (entered June 11, 2008), the Supreme Court of New Jersey adopted the DRB’s findings and sanction recommendation and ordered that respondent be reprimanded (195 NJ 179, 949 A2d 205 [2008]). It is this order which provides the basis of the Committee’s reciprocal discipline petition.
While respondent, through counsel, has submitted a response to the Committee’s petition, he has not asserted any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), to wit: lack of notice and opportunity to be heard in the foreign jurisdiction; infirmity of proof establishing the misconduct; and the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. Rather, respondent consents to the imposition of reciprocal discipline, but requests, based on mitigating factors, that such discipline be limited to an order by this Court directing the Committee to issue a private admonition.
Respondent’s failure to assert any section 603.3 (c) defenses notwithstanding, no such defenses are available. Respondent, who was represented by counsel, was on notice of the allegations at issue; he answered the complaint; engaged in prehearing motion practice; testified at the DEC hearing and cross-examined witnesses; and participated in oral argument before the DRB. Furthermore, the record in this matter, which includes admissions by respondent, amply supports the misconduct findings in New Jersey. In addition, according to current counsel, “[respondent] does not contest the facts underlying the imposition of discipline by the Supreme Court of New Jersey, or the procedure upon which it was based.”
As to the third prong of the test, respondent’s misconduct in New Jersey would also constitute professional misconduct in New York. New Jersey RPC rule 1.7 (a) (2) provides, in pertinent part:
“a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: . . .
*327 “(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer’s responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.”
Corresponding language is contained in New York Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]), which provides:[6]
“[a] lawyer shall not accept or continue employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer’s own financial, business, property, or personal interests, unless a disinterested lawyer would believe that the representation of the client will not be adversely affected thereby and the client consents to the representation after full disclosure of the implications of the lawyer’s interest.”
New Jersey RPC rule 1.8 (a) provides:
“[a] lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
“(1) the transaction and terms in which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner that can be understood by the client;
“(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel of the client’s choice concerning the transaction; and
“(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer’s role in the transaction, including whether the lawyer is representing the client in the transaction.”
Corresponding language is contained in New York Code of Professional Responsibility DR 5-104 (a) (22 NYCRR 1200.23 [a]), which provides:
*328 “[a] lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless:
“(1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner that can be reasonably understood by the client;
“(2) The lawyer advises the client to seek the advice of independent counsel in the transaction; and
“(3) The client consents in writing, after full disclosure, to the terms of the transaction and to the lawyer’s inherent conflict of interest in the transaction.”
As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Kulcsar, 98 AD3d 161, 166 [1st Dept 2012]; Matter of Sobolevsky, 96 AD3d 60, 62 [1st Dept 2012]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will the Court depart from its general rule (see Matter of Lowell, 14 AD3d 41, 48-50 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
Respondent argues that this is such an instance, and that instead of imposing a public censure, this Court should direct the Committee to issue a private admonition[7] based on mitigating factors, namely: (1) respondent’s conduct was aberrational and nonvenal; (2) there was no causal connection between respondent’s misconduct and any economic harm suffered by client No. 1 and client No. 2; (3) there were questions as to his clients’ credibility; (4) at the time of his misconduct respondent was in the midst of a contentious divorce involving financial and child custody issues; and (5) respondent is active in his community and in professional associations. Respondent also asserts that a public censure would be unduly harsh because his misconduct occurred eight years ago and he has already been publicly disciplined in New Jersey; prior to which he had an *329 unblemished record and subsequent thereto he has practiced without incident.
Most of the mitigating factors cited by respondent were, however, considered by New Jersey’s DRB which, nonetheless, concluded that public discipline was warranted. Furthermore, while respondent’s misconduct did occur eight years ago, it was his failure to notify the DDC of the discipline in New Jersey that delayed this matter in being brought before this Court sooner and he should not derive a benefit from the delay, even if inadvertent.
The discipline imposed by New Jersey is in accord with precedent in the First Department for similar misconduct (see Matter of Leibowitz, 78 AD3d 57 [1st Dept 2010]; Matter of Cohen, 12 AD3d 29 [1st Dept 2004]; Matter of Gold, 240 AD2d 74 [1st Dept 1998]; compare Matter of Gurevich, 94 AD3d 39 [1st Dept 2012]; Matter of Ioannou, 89 AD3d 245 [1st Dept 2011]; see also, Matter of Fendick, 31 AD3d 17 [4th Dept 2006], and Matter of Moench, 222 AD2d 31 [4th Dept 1996]).
Accordingly, the Committee’s petition should be granted and respondent publicly censured.
Andrias, J.E, Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ., concur.
Respondent publicly censured.

. Respondent is represented by Deborah A. Scalise, Esq. of Scalise & Hamilton, LLE

. Respondent is also admitted to practice law in New Jersey.

. According to respondent, a disciplinary sanction ordered by the New Jersey Supreme Court is automatically reported to the U.S. District Court for the District of New Jersey; furthermore, respondent learned that the New Jersey Supreme Court’s order reprimanding him was docketed with the U.S. District Court for the Eastern District of New York, which did not take disciplinary action against him.

. The parties later discovered that the property could not be subdivided.

. While it was not part of the charges before the DEC, the Hearing Panel further concluded that respondent may have violated the same RPCs in a transaction with another client by which he secured his current residence and recommended an investigation into that transaction; however, neither the Disciplinary Review Board nor the New Jersey Supreme Court had any comment with respect to this issue.

. Respondent’s misconduct in New Jersey occurred prior to April 1, 2009 and, therefore, the former Code of Professional Conduct is looked to in order to determine if the events at issue would also constitute misconduct in New York.

. Respondent is seeking an admonition, as opposed to a private reprimand, because a reprimand is discipline imposed after a hearing, which respondent is not requesting (22 NYCRR 603.9).