Matter of Fendick (2018 NY Slip Op 03061)





Matter of Fendick


2018 NY Slip Op 03061


Decided on April 27, 2018


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Apr. 27, 2018.) 


&em;

[*1]MATTER OF THOMAS J. FENDICK, A SUSPENDED ATTORNEY, RESPONDENT. ATTORNEY GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 22, 1985. On May 16, 2017, he was convicted, upon his plea of guilty in the United States District Court for the Middle District of Florida (District Court), of making a false statement to a federally insured financial institution in violation of 18 USC § 1014, a federal felony. Respondent admitted in the corresponding plea agreement that, in 2006, he obtained a loan in the amount of $915,000 to build a home in Florida. In 2012, he defaulted on the loan, and the bank holding the mortgage commenced a foreclosure proceeding. Respondent admitted that he thereafter induced the bank to agree to a short sale of the property by falsely certifying that the sale was an arm's length transaction and that all relevant agreements or understandings had been disclosed to the bank when, in fact, respondent had arranged for his business associate to act as a straw purchaser with the understanding that respondent would be permitted to continue to reside at the premises and that the deed would be subsequently transferred to a family member of respondent. Respondent further admitted that, in 2014, the property was deeded to the family member and that, as of December 2016, the bank had suffered a loss of approximately $529,959 because of the transaction. In August 2017, respondent was sentenced in District Court to supervised release for a period of five years, home detention for a period of 180 days, and 150 hours of community service. Respondent was additionally directed to make restitution to the bank in the amount of $527,292.70. By order entered October 25, 2017, this Court determined that respondent had been convicted of a "serious crime," suspended him from the practice of law on an interim basis, and directed him to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (Matter of Fendick, 155 AD3d 1609 [4th Dept 2017]). Respondent thereafter submitted written materials in mitigation to this Court.
In determining an appropriate sanction, we have considered respondent's submissions in mitigation, which include his statement that he was forced to enter into the short sale owing to personal financial hardship and the overall unfavorable economic conditions that prevailed during the relevant time period. We have also considered, however, certain factors in aggravation, including that the misconduct underlying the conviction involved deceit resulting in substantial harm to another for which respondent has failed to express remorse and that he has a disciplinary history that includes a public censure imposed by this Court (Matter of Fendick, 31 AD3d 17 [4th Dept 2006]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of four years and until further order of this Court.