Matter of Bhalla (2019 NY Slip Op 04815)





Matter of Bhalla


2019 NY Slip Op 04815


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: June 13, 2019
[*1]
In the Matter of RAVINDER SINGH BHALLA, an Attorney. 

(Attorney Registration No. 3901667)

Calendar Date: April 22, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent, the current Mayor of Hoboken, New Jersey, was admitted to practice in 2000 after previously being admitted in New Jersey in 1999. In June 2018, respondent was censured by the Supreme Court of New Jersey upon the recommendation of the New Jersey Disciplinary Review Board, which concluded that respondent had engaged in dishonest or deceitful conduct and had failed to safeguard funds and promptly deliver such funds to a third party. Respondent's matter had been submitted to the Disciplinary Review Board by stipulation wherein respondent admitted, among other things, that he had repeatedly underfunded a retirement account intended for the benefit of an associate attorney under his employ, had failed to timely remit that attorney's Social Security withholdings for the 2008 calendar year and had misrepresented that those withholdings had been properly transmitted to the Internal Revenue Service. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his misconduct in New Jersey. Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in the foreign jurisdiction." Respondent has not responded to AGC's motion and, as such, has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b])[FN1]. Accordingly, we grant AGC's motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Shedlick, 171 AD3d 1448, 1449 [2019]; Matter of Rinaldo, 168 AD3d 1212, 1213 [2019]).
Owing to his failure to participate in these proceedings, respondent has not offered any mitigating factors for our consideration. However, we note that the record of his disciplinary proceeding in New Jersey indicates that respondent expressed his remorse and contrition for his [*2]misconduct (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [l])[FN2]. Conversely, in aggravation, respondent failed to report his recent discipline to this Court or AGC in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d), and he is also currently delinquent in his biennial registration requirement, having failed to properly register with the Office of Court Administration for the last two biennial periods (see Matter of McCarthy, 166 AD3d 1465, 1467 [2018]; Matter of Brownell, 163 AD3d 1346, 1348 n 1 [2018]). Respondent's cavalier attitude towards these proceedings, combined with his failure to report his foreign discipline and his lengthy registration delinquency, demonstrate "a clear disregard for his fate as an attorney in this state" (Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). Finally, we take note of respondent's disciplinary history, which consists of a 2010 admonition in New Jersey (see ABA Standards for Imposing Lawyer Sanctions § 9.22 [a]). Accordingly, upon consideration of all the facts and circumstances presented, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we grant AGC's motion and suspend respondent from the practice of law for a period of three months (see Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]).
Garry, P.J., Lynch, Clark, Devine and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
Law for a period of three months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent's underlying misconduct in New Jersey warrants discipline in this state as it would violate Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (c) and 8.4 (c) (see generally Matter of Gold, 240 AD2d 74, 79-80 [1998]).

Footnote 2: Although respondent eventually reimbursed his associate for the retirement account withholdings and paid the Internal Revenue Services for the unpaid Social Security withholdings, he did not do so in a timely manner and, accordingly, we do not consider his belated restitution in mitigation of his misconduct (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [d]).