[32 NYS3d 916]

In the Matter of EDWIN PERALTA-MILLAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 9, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Paul L. Friman* of counsel), for petitioner.

*Edwin Peralta-Millan,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Edwin Peralta-Millan was admitted to the practice of law in the State of New York by the Second Judicial Department on May 4, 1983. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By a notice and statement of charges, the Departmental Disciplinary Committee charged respondent with a total of seven charges: neglect of a client matter in violation of Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) rule 1.3 (b); failing to communicate with a client in violation of RPC rule 1.4 (a) (1); failing to keep a client reasonably informed about the status of their matter in violation of RPC rule 1.4 (a) (3); engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of RPC rule 8.4 (c); failing to return an unearned fee in violation of RPC rule 1.16 (e); failing to renew his biennial registration in violation of RPC rule 8.4 (h); and engaging in other conduct that adversely reflects on his fitness as a lawyer in violation of RPC rule 8.4 (h).

The charges stemmed from respondent's neglect of a legal malpractice action, misrepresentations made to his client to conceal his neglect, and his failure to file attorney registration statements and pay registration fees for two biennial periods (2011-2012, 2013-2014). In his answer and by subsequent stipulation, respondent admitted the material facts alleged by the Committee and admitted all but one of the charges, charge four, the misrepresentation charge (RPC rule 8.4 [c]).

The Referee sustained all seven charges, including charge four, and recommended that respondent be suspended for a period of three months. In a report dated December 10, 2015, a Hearing Panel confirmed the Referee's report in its entirety, including the sanction recommendation of a three-month suspension.

The Committee now moves, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22

NYCRR) §§ 603.4 (d) and 605.15 (e) (2), to confirm the Hearing Panel's findings of fact, conclusions of law, and sanction recommendation of a three-month suspension. Respondent was served with the Committee's petition at his residence in Pennsylvania, but he has not submitted a response.

The Hearing Panel's report should be confirmed in its entirety, including its recommendation of a three-month suspension. The Referee's and Hearing Panel's misconduct findings are amply supported by the record, which includes respondent's admissions in his answer and in the pre-hearing stipulation.

A three-month suspension is appropriate given the evidence in mitigation (admission of six of the charges, remorse, and health and personal issues), the fact that respondent neglected only one case, and that one of his two unrelated admonitions was issued nearly 30 years ago (*see e.g. Matter of Sorote*, 110 AD3d 259 [1st Dept 2013] [three-month suspension]; *Matter of Militello*, 76 AD3d 364 [1st Dept 2010] [three-month suspension]; *Matter of Johannes*, 66 AD3d 39 [1st Dept 2009] [three-month suspension for neglect of two unrelated client matters, failure to return an unearned fee to one client, and nonvenal misuse of an escrow account; four prior admonitions]).

Accordingly, the Committee's petition should be granted, the findings of fact and conclusions of law of the Hearing Panel confirmed, and respondent suspended from the practice of law for a period of three months, and until further order of this Court.

SWEENY, J.P., ANDRIAS, RICHTER, MANZANET-DANIELS and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective the date hereof, and until further order of this Court.