[57 NYS3d 476]

In the Matter of D. ANDREW MARSHALL (Admitted as DARRELL ANDREW MARSHALL), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Jeremy S. Garber* of counsel), for petitioner.

*D. Andrew Marshall,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Darrell Andrew Marshall was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1995. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

In 2015, the Attorney Grievance Committee brought 10 charges against respondent, alleging violations of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3 (a) and (b) and 8.4 (c), (d) and (h), based on respondent's neglect of a client matter and his fabrication of settlement documents which were presented to his client and the Committee, and filed with OCA. Respondent, pro se, submitted an answer denying all of the charges. Respondent appeared before the Committee for an

examination under oath, at which he admitted to engaging in the conduct underlying the charges. After a hearing was conducted, the Committee withdrew one charge, and in a report, the Referee sustained seven of the remaining nine charges. In a second report, the Referee recommended that respondent be suspended for five months following which he be automatically reinstated.

The Committee now seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (b) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.8-a (t), affirming the Referee's liability findings and suspending respondent for no less than five months. Respondent has filed a cross motion, disputing the Referee's finding that he violated rules 1.3 (a) and (b), and requesting that this Court disaffirm the Referee's sanction recommendation of a five-month suspension, and in lieu thereof, impose no greater sanction than a public censure.

For the reasons explained below, we now confirm the Referee's report to the extent of the liability findings and agree with the Referee that respondent should be sanctioned and suspended from the practice of law, but impose a three-month suspension.

In or about November 2011, a client retained respondent for a traffic incident in which the client allegedly was wrongfully ticketed, detained, and charged with disorderly conduct by New York City police officers. The client executed a retainer agreement with respondent, in which respondent agreed to pursue personal injury/civil rights/torts claims against the New York City Police Department and the City of New York. Respondent also agreed to represent the client pro bono on the disorderly conduct charge, which was ultimately dismissed. Respondent executed a notice of claim filed with the New York City Comptroller's Office, which was untimely because it was not filed within 90 days of the traffic incident.

In July 2012, respondent commenced an action in Supreme Court, New York County, and the New York City Corporation Counsel's Office answered and demanded a bill of particulars and discovery. Subsequently, respondent and the client met with representatives from Corporation Counsel's and Comptroller's Offices, and was offered a settlement of $4,500, contingent upon a timely notice of claim, which the client accepted. Following the meeting, respondent realized that the notice of claim was untimely, but believed in his view there was a viable

claim for malicious prosecution. However, due to respondent's deteriorating relationship with the client over the course of this matter, instead of re-filing in federal court or seeking leave to file a late notice of claim, respondent elected to pay the client out of his own funds.

When respondent presented the client with a check for the settlement after deducting expenses and his attorney fees, he presented the client with an OCA mandated closing statement falsely stating he filed a stipulation of discontinuance with the court. In connection with the client's complaint against respondent, he filed the false closing statement with OCA, and produced these filings to the Committee. Respondent also stated, in response to the Committee's request, that he would produce copies of the purported settlement check issued by the City and bank statements evincing the deposit of said check.

At his deposition, respondent admitted there had been no actual settlement, and that he had paid the client with his personal funds. Accordingly, the Referee correctly found that respondent's actions violated rules 1.3 (a) and (b) and 8.4 (c), (d), and (h).

In mitigation, respondent has no prior disciplinary history in 21 years of practice, and his neglect and subsequent misrepresentations were limited to one client matter. Respondent made his client financially whole, he did not profit financially, and fully admitted his misconduct when he testified before the Committee. Further, respondent has a history of pro bono service for this client and stated he did provide services for other indigent clients.

We agree with the Referee that a suspension from the practice of law is an appropriate sanction for respondent, but conclude that a three-month suspension is appropriate in light of the mitigating factors described above, and the fact his misconduct only involved one client (see e.g. Matter of Peralta-Millan, 141 AD3d 87 [1st Dept 2016]; Matter of Benenati, 136 AD3d 108 [1st Dept 2015]; Matter of Rudgayzer, 80 AD3d 151 [1st Dept 2010]).

The Referee also makes a recommendation that respondent be automatically reinstated after the suspension. However, the general rule is that an attorney who has been disbarred or suspended should make a motion for reinstatement under 22 NYCRR 1240.16, and we see no reason here to alter that procedure.

Accordingly, the Committee's motion is granted to the extent of affirming the Referee's findings of fact and conclusions of law and that respondent should be suspended from the practice of law. We disaffirm the Referee's finding concerning the appropriate length of respondent's suspension, and suspend respondent from the practice of law in the State of New York for a period of three months, and until further order of this Court. Respondent's cross motion is denied in its entirety.

ACOSTA, P.J., RICHTER, MANZANET-DANIELS, GISCHE and WEBBER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective the date hereof, and until further order of this Court. Cross motion denied.