Matter of McHallam (2018 NY Slip Op 01890)





Matter of McHallam


2018 NY Slip Op 01890


Decided on March 20, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
John W. Sweeny, Jr.
Judith J. Gische
Angela M. Mazzarelli
Barbara R. Kapnick,Justices.


M-5223

[*1]In the Matter of Christopher W. McHallam, (admitted as Christopher William McHallam), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Christopher W. McHallam, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Christopher W. McHallam, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 4, 1998.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Christopher W. McHallam was admitted to the practice of law in the State of New York by the First Judicial Department on May 4, 1998, under the name Christopher William McHallam. Respondent's last registered address was in Massachusetts where he is admitted to [*2]practice. He is currently delinquent in his attorney registration.
The Attorney Grievance Committee (Committee) now seeks an order, pursuant to the doctrine of reciprocal discipline and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, disciplining respondent predicated upon discipline imposed by the Supreme Judicial Court of the Commonwealth of Massachusetts for Suffolk County, and directing him to demonstrate why discipline should not be imposed for the underlying misconduct, or, in the alternative, sanctioning him as this Court deems appropriate.
Respondent, pro se, waived personal service and was served with the Committee's motion by priority mail and email, but he has not submitted a response.
The Massachusetts disciplinary proceeding arose from respondent's representation of the plaintiff in a defamation action which was filed in 2006 and dismissed on summary judgment in 2010. Although respondent filed a notice of appeal, he neglected to meet the deadline for assembling the record and the appeal was dismissed. Respondent unsuccessfully engaged in further efforts in the appellate court to obtain relief from the dismissal. Following dismissal of the case, respondent led his client to believe that his claims had been reinstated and respondent was working to obtain a monetary award or settlement. Respondent allegedly went as far as to claim he had secured an award of over $1 million for the client. In 2015, the client learned there had been no further litigation and no settlement
In or about March 2017, respondent, represented by counsel, tendered his resignation from the practice of law to the Massachusetts Bar Counsel, conceding that he had misled his client in violation of various provisions of the Massachusetts Rules of Professional Conduct. Respondent further acknowledged that if the matter were litigated before the Board of Bar Overseers (the Board) and the Massachusetts court, he would likely receive a term of suspension, rather than an indefinite suspension or disbarment. However, he declined to contest the allegations or any sanction.
The Board initially rejected respondent's resignation and requested additional information regarding Bar Counsel's assessment as to whether the underlying conduct would or would not warrant disbarment. Bar Counsel provided additional information which included its assessment that if the matter were to be litigated through contested proceedings, respondent would receive a term of suspension, and that counsel was not aware of any facts or circumstances that would justify an indefinite suspension or disbarment. Counsel noted that there was mitigation, to wit, respondent had no prior record of discipline, he did not act with venal intent, the client did not suffer any harm, and there was no aggravation. However, given respondent's voluntary tendering of his resignation and that he was represented by skilled and experienced counsel, the Board recommended that respondent's resignation be accepted by the Massachusetts court.
By order of July 21, 2017, the Massachusetts court accepted respondent's resignation and struck his name from the roll of attorneys, effective August 20, 2017. As noted, the Committee seeks an order finding that respondent has been disciplined by a foreign jurisdiction and directing him to demonstrate to this Court why discipline should not be imposed in New York for the underlying conduct (22 NYCRR 1240.13) because respondent's misconduct in Massachusetts would violate New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4(a)(1)(iii), 1.4(a)(3), 8.4(c), and 8.4(h). The Committee additionally contends that this Court's precedent supports at least a three-month suspension and that such sanction is further supported by the fact that respondent neglected to inform it of his discipline in Massachusetts pursuant to 22 NYCRR 1240.13(d).
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; or (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
As respondent has defaulted, he has not raised any of the aforementioned defenses, nor could he where he was provided with sufficient notice and an opportunity to be heard in the Massachusetts proceeding, was represented by counsel, and chose to submit his disciplinary resignation rather than contest the charges at issue. In addition, the findings of misconduct made [*3]were supported by the record, which includes respondent's admissions. Further, the misconduct for which respondent was disciplined in Massachusetts constitutes misconduct in this state.
As such, the only issue left for resolution by this Court is the appropriate sanction to impose. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147 [1st Dept 2014]). Only in rare instances will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). This is such an instance because this Court has imposed suspensions ranging from three to nine months for the misconduct at issue (see e.g. Matter of Marshall, 153 AD3d 1 [1st Dept 2017]; Matter of Peralta-Millan, 141 AD3d 87 [1st Dept 2016]). A three-month suspension is in general accord with this Court's precedent, particularly given respondent's lack of prior discipline, aggravation and venal intent.
Accordingly, the motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent suspended from the practice of law in the State of New York for a period of three months, and until further order of this Court.
All concur.
Order filed. [March 20, 2018]
Motion is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective April 19, 2018, and until further order of this Court.