Matter of McHale (2018 NY Slip Op 03770)





Matter of McHale


2018 NY Slip Op 03770


Decided on May 24, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,Justice Presiding,
David Friedman
Rosalyn H. Richter
Barbara R. Kapnick
Troy K. Webber,Justices.


M-4988 M-8

[*1]In the Matter of Jessica M. McHale, (admitted as Jessica Marie McHale), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jessica M. McHale, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jessica M. McHale, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Fourth Judicial Department on January 16, 2014.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, of counsel), for petitioner.
Sarah Diane McShea, Esq., for respondent.
Motion No. 4988 - February 7, 2018
Cross-


PER CURIAM


Respondent Jessica M. McHale was admitted to the practice of law in the State of New York by the Fourth Judicial Department on January 16, 2014, under the name Jessica Marie [*2]McHale. At all times relevant to this proceeding, respondent practiced law under the firm name of Volks Anwalt Law, which entity maintained a business address within the First Judicial Department. Respondent's current registered address is in Florida where she is admitted to practice and resides.
By order entered June 2, 2016, the United States Bankruptcy Court for the Western District of North Carolina (WDNC) disbarred respondent from practicing before the court for five years for her mishandling of a debtor's case and engaging in the unauthorized practice of law in North Carolina.
The Attorney Grievance Committee (Committee) now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, disciplining respondent predicated upon the discipline imposed by the WDNC Bankruptcy Court.
By cross motion, respondent asks this Court to deny the Committee's motion on the grounds that, inter alia, she had a lack of notice and opportunity to be heard, there's an infirmity of proof establishing the misconduct, and the subject misconduct would not constitute misconduct in New York. The Committee opposes respondent's cross motion.
Respondent's misconduct before the bankruptcy court stemmed in large part from the unusual organizational structure of her law firm. In or about May 2015, respondent, who had been admitted in New York for less than two years, formed the law firm of Volks Anwalt Law of New York, LLC of which she was the sole owner and managing partner. Respondent, who was only admitted in New York and Florida, used information on employment websites, contacted attorneys in various jurisdictions and entered into partnership agreements with them notwithstanding that she did little or no vetting of their qualifications. These "partners" had no voting rights, received only nominal shares in the firm, and had no managerial authority. Volks Anwalt operated in 43 states and, as of February 2016, had handled approximately 400 bankruptcy cases. Neither respondent, nor any representative of her firm, did any legal research as to the laws and requirements of the states in which Volks Anwalt operated.
A North Carolina resident who was facing foreclosure and intended to file for bankruptcy in order to save her home, contacted Volks Anwalt in response to a direct mailing she received from the firm. A Volks Anwalt representative persuaded her to retain the firm for her bankruptcy case. The debtor paid the firm a $1,000 fee which allowed for sufficient time to file her bankruptcy petition prior to the expiration of a 10-day upset foreclosure bid period, which was to expire on November 5, 2015. Pursuant to the "partnership" arrangement, respondent referred the debtor's case to a North Carolina attorney. Volks Anwalt prepared the debtor's Chapter 13 bankruptcy petition but did not file it until November 6, 2015, after the 10-day upset period had expired. Prior to its filing, no attorney licensed to practice in North Carolina ever met with or spoke with the debtor. Further, the bankruptcy petition was defective. Neither the North Carolina attorney nor Volks Anwalt, whom the court notified of the defects, properly amended the petition.
In addition, neither respondent, nor anyone else associated with Volks Anwalt, notified the debtor that her bankruptcy filing did not stop the pending foreclosure action against her because her petition was filed after expiration of the 10-day upset bid period. Respondent and her firm also failed to communicate with the debtor despite her repeated attempts to obtain information and assistance, especially after she received eviction notices. Respondent and Volks Anwalt also failed to propose a proper and confirmable Chapter 13 plan.
On January 13, 2016, the Bankruptcy Administrator filed a motion seeking sanctions against respondent and/or her firm for allegedly engaging in the unauthorized practice of law.
In addition, the North Carolina State Bar's Authorized Practice Committee issued a Letter of Caution dated January 27, 2016 to respondent advising her that it had determined that Volks Anwalt's activities violated North Carolina's unauthorized practice of law statutes, and it expected her to cease such activities or it would consider pursuing injunctive relief.
By order filed February 2, 2016, upon motion by the Bankruptcy Administrator, the court directed respondent and Volks Anwalt to appear and show cause at a hearing "why they should not be sanctioned for their actions in the Debtor's case." While respondent was not admitted to [*3]practice before the WDNC Bankruptcy Court, nor in North Carolina, she was subject to discipline pursuant to WDNC Local Bankruptcy Rule 2090-3.
Respondent, represented by counsel, appeared at the February 18, 2016 hearing, testified, and cross-examined witnesses. At the conclusion of the hearing, the court announced that it intended to issue an order finding that respondent, the North Carolina attorney, and Volks Anwalt had engaged in misconduct in connection with the debtor's case and imposing monetary sanctions and disbarring them. 
By order entered June 2, 2016, the WDNC Bankruptcy Court found that neither respondent, nor the North Carolina attorney, took steps to correct the deficiencies in the debtor's Chapter 13 petition, despite having been advised of such. The court also found that the North Carolina attorney readily admitted that he was not competent to represent the debtor and that respondent's lack of bankruptcy experience did nothing to assist him in providing competent representation. The court also noted the lack of communication by both with the debtor.
The court found that the conduct of respondent, Volks Anwalt and the North Carolina attorney evinced that they had abandoned their representation of the debtor without notice to her and without permission of the court in violation of WDNC Local Bankruptcy Rule 2091-1(a) (requiring the debtor's counsel of record to remain the responsible attorney in all matters that arise in the case) and North Carolina Rules of Professional Conduct (NC RPC) rule 1.16(c) (requiring attorneys to comply with applicable laws regarding notice to or permission of a tribunal when terminating representation).
The court also found that respondent and Volks Anwalt had engaged in the unauthorized practice of law in violation of NC RPC rule 5.5(b)(1) (prohibiting a nonmember of the NC Bar from establishing an office or other systematic and continuous presence in that state for the practice of law), NC General Statutes § 55-15-01 (transacting business in North Carolina without authorization), and NC General Statutes § 84-8 (prohibiting the practice of law by persons other than members of the North Carolina Bar for which criminal and civil penalties can be imposed).
The court also found that NC RPC rule 5.5(c)(4), which permits an attorney not admitted in North Carolina to provide legal services in that state when associated with a member of the North Carolina Bar "who actively participates in the representation," did not apply to respondent's situation because the North Carolina attorney did not "actively participate" in representing the debtor.
On the issue of sanction, the court found that respondent's misconduct was aggravated by the resulting harm to the debtor; namely, the flagrant mishandling of her bankruptcy case lost her the opportunity to try and save her home where she lived with her four children and grandchild, which was her stated goal in filing for bankruptcy relief. The court also found that respondent failed to take responsibility for her misconduct, lacked remorse, and her testimony was "generally vague or non-responsive" and not credible.
As to the sanction imposed, respondent and Volks Anwalt were disbarred from practice before the WDNC Bankruptcy Court for a period of five years; respondent was directed to disgorge and refund all fees she received from the debtor; both she and the North Carolina attorney were sanctioned $5,000 which was to be paid to the debtor; bankruptcy law educational requirements were imposed should respondent seek admission to practice before the court after serving her disbarment; and the court directed that its order be sent to disciplinary authorities in New York and Florida.
Respondent filed a notice of appeal of the bankruptcy court's five-year disbarment order; however, she subsequently failed to file certain required documents within the requisite 14-day period, as a sanction for which the US District Court for the Western District of North Carolina, by order filed August 8, 2016, dismissed her appeal with prejudice.
The Committee argues that respondent's misconduct before the WDNC Bankruptcy Court would also constitute misconduct in New York in violation of the New York Rules of Professional Conduct for which public reciprocal discipline should be imposed.
The Committee notes that respondent failed to report her discipline as required by former Rule 603.3(d), however, the bankruptcy court directed that its order be sent to New York [*4]disciplinary authorities. The Committee also advises that there is a pending reciprocal discipline proceeding in Florida against respondent.
By way of cross motion respondent opposes the
the Committee's motion and requests that this Court find respondent has not been "disciplined by a foreign jurisdiction" and/or that the WDNC Bankruptcy Court's June 2, 2016 order did not impose "discipline"; or, in the alternative, that respondent has cognizable affirmative defenses under NYCRR 1240.13(b); or, in the alternative, granting respondent's request for a hearing as to her asserted defenses and other issues.
Reciprocal discipline can be imposed based on the record as it stands because the bankruptcy court clearly meets Rule 1240.2(h)'s definition of a foreign jurisdiction. Further, none of the enumerated defenses raised by respondent apply herein because respondent was given sufficient notice that she could be disciplined for the misconduct at issue via WDNC Local BR 2090-3; the Bankruptcy Administrator's motion seeking sanctions ("and for other relief as the Court deems just and proper") which specifically alleged the unauthorized practice of law and that the NC State Bar Rules prohibited Volks Anwalt's practice in North Carolina (see Matter of Burton, 39 AD3d 46 [1st Dept 2007], lv denied 9 NY3d 818 [2008] [reciprocal disbarment based upon trial court's seldom used power (subsequently affirmed by Connecticut Supreme Court) to discipline an attorney based upon conduct before the court, rather than referring attorney to Grievance Committee for investigation]); and the court's order to show cause which issued based thereon. In addition, respondent received sufficient due process via the hearing at which she was represented by counsel, testified, and cross-examined witnesses. She also took an appeal from the disbarment order, which she failed to perfect.
Further, respondent's argument notwithstanding, the bankruptcy court's misconduct findings are amply supported by the record. Lastly, respondent's misconduct before the WDNC Bankruptcy Court would violate New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.16(d) (failure to obtain permission from tribunal where required to withdraw from representation) and rule 5.5(a) (a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).
Thus, the only issue left for this Court to decide is the appropriate sanction to impose. As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]), and only in rare instances will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
This is such an instance because the misconduct findings at issue center on respondent's neglect of a single bankruptcy matter and her engaging in the unauthorized practice of law in a foreign jurisdiction for which this Court has generally imposed sanctions ranging from public censure to suspension (see e.g. Matter of Marshall, 153 AD3d 1 [1st Dept 2017]; Matter of Aviles, 152 AD3d 27 [1st Dept 2017]; Matter of Hsu, 104 AD3d 138 [1st Dept 2013]; Matter of Koenig, 104 AD3d 221 [1st Dept 2013].
While respondent neglected only one matter and engaged in the unauthorized practice of law in North Carolina, that neglect caused serious harm to the debtor, the bankruptcy court found that respondent failed to take responsibility for her misconduct and failed to express remorse, and there was no evidence in mitigation. Moreover, the court expressed its "shock[]" that respondent "has caused Volks Anwalt to conduct business in 43 states without investigating each state's requirements and without any effort to comply with the laws of states where Volks Anwalt has conducted business," and that it appeared that respondent "designed the Volks Anwalt business plan with the sole purpose of making money while taking no responsibility for the firm's clients and attempting to isolate the firm from any liability related to client representation by associating a local partner'."
Accordingly, the Committee's motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 and suspending respondent from the practice of law for a period of three months and until further order of the Court. The respondent's cross motion should be denied in its entirety.
All concur.
Order filed. [May 24, 2018]
Petition is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13 and suspending respondent from the practice of law in the State of New York for a period of three months, effective the June 25, 2018, and until further order of this Court. Respondent's cross motion is denied in its entirety.