Matter of Frishberg (2018 NY Slip Op 04855)





Matter of Frishberg


2018 NY Slip Op 04855


Decided on June 28, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,Justice Presiding,
Dianne T. Renwick
Richard T. Andrias
Anil C. Singh
Peter H. Moulton,Justices.


&em;

[*1]In the Matter of Aaron D. Frishberg, (admitted as Aaron David Frishberg), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Aaron D. Frishberg, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Aaron D. Frishberg, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 4, 1987.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Melendez, of counsel), for petitioner.
Lennox S. Hinds, Esq. for respondent.



PER CURIAM


Respondent Aaron D. Frishberg was admitted to the practice of law in the State of New York by the First Judicial Department on May 4, 1987, under the name Aaron David Frishberg. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
In 2016, the Attorney Grievance Committee (Committee) brought six charges against respondent. In January 2017, respondent stipulated to four of the six charges, admitting that by failing to comply with three deadlines for perfecting an appeal he: failed to provide competent representation in violation of New York Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) rules 1.1(a); failed to act with reasonable diligence and promptness in representing a client in violation of 1.3(a); neglected a legal matter entrusted to him in violation of 1.3(b); and engaged in other conduct that adversely reflects on fitness as a lawyer in violation of 8.4(h). Respondent denied that he failed to keep a client reasonably informed about the status of his case in violation of RPC rule 1.4(a)(3) and failed to promptly comply with a client's reasonable requests for information in violation of rule 1.4(a)(4).
The Committee seeks an order, pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR0 § 1240.8(b) and the Rules pf the Appellate Division, First Department (22 NYCRR) 603.8-a(t)(4), affirming the Referee's liability findings and suspending respondent for no less than one year. For the reasons explained below, we now affirm the Referee's report to the extent of the liability findings and agree with the Referee that respondent should be suspended from the practice of law, but we impose a six-month suspension.
The aforementioned disciplinary charges stem from respondent's handling of the case of his client, LL a 35-year old college graduate. On May 8, 2006, LL retained respondent to represent him in connection with a tort/civil rights action. LL alleged that on May 27, 2005 his sister and members of the New York City Police Department engineered his seven-day long psychiatric commitment and detention when he was not a danger to himself or others.
With regard to these allegations, in May 2006, respondent commenced an action in Supreme Court, New York County, which the court eventually dismissed as untimely commenced. Subsequently, in January 2009, respondent commenced a federal action, based on the same allegations, against the same defendants in the Southern District alleging, inter alia, civil rights violations under 42 USC § 1983 and related state law claims. On February 16, 2010, the district court dismissed LL's federal claims as time-barred and declined to exercise supplemental jurisdiction over the state law claims, which were also dismissed. In 2010, LL filed a disciplinary complaint and in October 2011, the Committee issued an Admonition to respondent based on his neglect of LL's state and federal court actions.
In September 2011, respondent filed a notice of appeal from the Supreme Court's judgment dismissing LL's action. The time to perfect the appeal was June 22, 2012 but respondent failed to do so. Three months later, respondent moved this Court for an enlargement of time within which to perfect the appeal. Defendants cross-moved for dismissal of the appeal based on LL's failure to perfect in a timely manner. This Court granted respondent an extension to the February 2013 Term (filing deadline of December 3, 2012) and the cross motion was granted unless the appeal was perfected for February 2013.
When respondent failed to meet the December 2012 filing deadline, defendants moved to dismiss the appeal. On the return date of the motion, respondent belatedly served a motion for an order granting a nunc pro tunc extension for the filing of the appellant's brief and appendix. This Court granted respondent's motion to the extent of enlarging the time to perfect to March 18, 2013 for the June 2013 term "with no further enlargements" and granted the motion to dismiss unless the appeal was perfected. Again, respondent failed to perfect the appeal, nor did he seek a further enlargement.
In January 2013, LL filed a second complaint with the Committee alleging that respondent had not been responsive to his requests for information about his appeal. Respondent denied LL's allegations and claimed that he had made extensive revisions to the brief and appendix and successfully filed them with the Court. A year later, on January 6, 2014, 10 [*2]months after the March 18, 2013 final filing deadline expired, respondent filed a motion to reinstate LL's appeal and for leave to perfect an untimely appeal. Defendants cross moved to dismiss the appeal with prejudice. By order of March 25, 2014, this Court denied respondent's motion (which was deemed a motion to enlarge the time to perfect the appeal) and granted defendants' cross motion and dismissed LL's appeal.
According to LL, after respondent was admonished in 2011 for neglecting his case at the trial level, respondent's responsiveness to his telephone calls improved for a time, but after respondent filed the notice of appeal in September 2011, there were long periods in 2012 and 2013 when respondent was not responsive. After he filed his second complaint against respondent in January 2013, LL went to the court and received a copy of the order dismissing his appeal. LL claimed that respondent failed to inform him of the dismissal order.
In or about March 2016, LL filed a request for fee arbitration with the Joint Committee on Fee Disputes and Conciliation. Respondent was obligated to participate in the arbitration proceeding. However, he did not appear at the hearing even though he received a week's advance notice. In August 2016, LL was awarded $4,385, which respondent has not satisfied.
Respondent denied that he failed to communicate with LL regarding his appeal. While he promised to produce message pads which would document that he responded to LL's calls within a reasonable period of time in 2012 and 2013, he failed to do so. Respondent also claimed that he did not receive LL's request for fee arbitration. Yet, the Joint Committee mailed it to his former address and he admitted that the U.S. Postal Service forwarded his mail to his new office address.
Furthermore, respondent admitted that he did receive the one week's advanced notice of the arbitration hearing. He claimed that within a few days thereafter, he called the administrator of the fee dispute program and left a voicemail message requesting an adjournment. In response, he received a message from the same administrator that she was unsure if the arbitrator would grant him a last minute adjournment. Respondent did not take any further steps to obtain an adjournment, nor did he appear at the arbitration hearing. Instead, he claimed that he first learned of LL's arbitration award against him at the Referee's hearing.
In mitigation, respondent, who is a 66-year-old sole practitioner, averred that, during the relevant time period, he was experiencing various "life stressors" that impaired his ability to represent his client. Specifically, in 2013, respondent, who suffers from a lasting medical condition, suffered the loss of his long-time psychiatrist, of 40 years, who retired. In addition, in 2016, respondent suffered the loss of his mother, who passed away. Respondent's claim is supported by two psychiatrist, Dr. Kulic and Dr. Teich.
Dr. Kulic reported that, after his long time psychiatrist retired in 2015, respondent relied upon his primary physician to treat his lasting medical condition. According to Dr. Kulic, respondent's primary physician did not follow up as closely as a psychiatrist would have done. Dr. Kulic, who began treating respondent in December 2014, reported that he saw respondent every one or two months, treated him with medications, and respondent has made considerable improvements since they began treatment.
Dr. Teich, a forensic psychiatrist who conducted a psychological evaluation of respondent for the purpose of the instant proceeding, concurred with Dr. Kulic's assessment of respondent's medical history and present condition. Dr. Teich opined that respondent's prognosis was good; he is "now back in consistent and appropriate psychopharmacological treatment" and the fact that he "feels comfortable to seek out help is a good sign for his continued well-being."
Regarding aggravation, the Committee introduced two Admonitions issued to respondent in 2011, one for his neglect in connection with his untimely filing of LL's state and federal court actions; the other for his 2009 neglect of a New York State tax matter by failing to appear at his client's hearing. In addition, the Committee introduced a September 6, 2016 decision of the Southern District in which the court dismissed respondent's client's case on statute of limitations grounds. Respondent unsuccessfully argued that the statute of limitations was tolled due to his client's mental illness.
The Referee sustained the four admitted charges and the two disputed charges, i.e., that respondent failed to communicate with LL in violation of RPC rules 1.4(a)(3) and 1.4(a)(4):
"[r]espondent did not produce any documentary evidence in support of his claim that he did not let a 30-day gap pass before returning LL's calls in 2012 and 2013 ... although he promised to do so."
We find that the Referee's liability findings are sufficiently supported by the record and should be affirmed. In fact, as indicated, respondent stipulated to the most serious charges. As to the remaining, respondent's allegations are refuted by his client and the documentary evidence.
We also agree with the Referee that a suspension from the practice of law is an appropriate sanction for respondent, but conclude that a six-month suspension is reasonable in light of the mitigating factors described above, and the fact that his misconduct only involved one client (see e.g. Matter of Marshall, 153 AD3d 1 [1st Dept 2017]; Matter of Peralta-Millan, 141 AD3d 87 [1st Dept 2016]; Matter of Scharf, 213 AD2d 119 [1st Dept 1995]). We further conclude that respondent's participation in counseling through the New York City Bar Association Lawyer Assistance Program (LAP) is warranted under the circumstances (see Matter of Radman, 135 AD3d 31 [1st Dept 2015]; Matter of Antomattei, 96 AD3d 136 [1st Dept 2012]; Matter of Teschner, 7 AD3d 46 [1st Dept 2004]).
Accordingly, the Committee's motion should be granted to the extent of affirming the Referee's findings of fact and conclusions of law, and the sanction recommendation is disaffirmed and respondent is suspended from the practice of law in the State of New York for a period of six months, and until further order of this Court. Additionally, respondent must forthwith enroll in and successfully complete the LAP program for one year. Respondent's LAP monitor is to submit a report to the Committee every six months during that one year period.
All concur.
Order filed. June 28, 2018
Committee's motion is granted to the extent of affirming the Referee's findings of fact and conclusions of law, and the sanction recommendation is disaffirmed and respondent is suspended from the practice of law in the State of New York for a period of six months, effective July 30, 2018, and until further order of this Court. Respondent must enroll in and successfully complete the Lawyer's Assistance Program (LAP) for one year and respondent's LAP monitor is to submit a report to the Committee every six months during that one year period.