Matter of McCoobery (2019 NY Slip Op 00843)





Matter of McCoobery


2019 NY Slip Op 00843


Decided on February 5, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
Judith J. Gische
Jeffery K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


M-3649, M-5538

[*1]In the Matter of Dennis H. McCoobery, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Dennis H. McCoobery, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Dennis H. McCoobery, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 2, 1998.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, of counsel), for petitioner.
Respondent pro se.



Per Curiam


Respondent Dennis H. McCoobery was admitted to the practice of law in the State of New York by the First Judicial Department on February 2, 1998. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
In July 2018, the Attorney Grievance Committee (Committee) commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of professional misconduct, in violation of the Rules of Professional Conduct (22 NYCRR 1200.0), based on [*2]two instances of intentional misrepresentations made to a partner at the law firm at which he had previously worked.
Now, by joint motion, the parties move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent, and request the imposition of a three-month suspension.
The parties' submission conforms to the procedural requirements for a joint motion for the imposition of discipline on consent (22 NYCRR 1240.8 [a][5][i]-[iii]), and should be granted. The parties stipulate to the following facts:
From 2008, through May 2, 2017, respondent was employed as an associate with a law firm, and both allegations in the present petition stem from work he performed for one partner (the partner) at this firm.
In the first instance, respondents's law firm was representing a commercial landlord in a real estate litigation matter. At the request of the partner, respondent was tasked with drafting the client's appellate opposition brief to be submitted to this Court. In or about February 2017, respondent filed the client's brief without the partner's knowledge or direction.
In or about March 2017, not knowing that respondent had already filed the client's brief, the partner asked respondent for his work so that he could review it. Rather than tell the partner that he had already filed the brief, respondent gave the partner what he falsely represented as a draft of the brief. The partner, believing the brief to be only a draft, made revisions which he then gave to respondent. When the partner discovered respondent's actions, he confronted respondent, who acknowledged that he had filed the brief prior to allowing the partner to review it.
In the second instance, respondent's firm was representing a plaintiff in connection with a real estate matter. The client's appellate brief, drafted by the partner, was due to be filed with this Court in November 2016. Respondent, at the partner's request, was tasked with sending the brief and record on appeal to the firm's printing vendor for service upon the opposing counsel and for filing with this Court. Respondent forwarded the relevant documents to the printing vendor, however, he failed to instruct the vendor to serve and file said documents. Nevertheless, respondent falsely told the partner that he had instructed the vendor to file and serve the documents.
In order to conceal from the partner that he failed to properly instruct the vendor, in or about late December 2016, respondent falsely told the partner that there had been a stipulation between himself and opposing counsel to permit an extension for the brief to be filed in late January 2017. To further conceal his misrepresentation, respondent fabricated an opposition brief, which he provided to the partner as though it were genuine. Respondent constructed a false chain of emails to make it appear as if he had received the fabricated brief from opposing counsel, which he forwarded to the partner.
The partner, who believed the opposition brief to be genuine, drafted a reply brief, which respondent falsely told the partner was due on February 10, 2017. The partner forwarded the reply brief to the client for review.
Respondent also falsely told the partner that the client's appeal was calendared for this Court's June 2017 term. On May 1, 2017, when this Court released its June 2017 calendar, the client's appeal was not on it. After noticing the appeal had not been calendered, the partner told respondent he was going to call opposing counsel to find out why the appeal had not been calendared. Respondent then admitted to the partner that he failed to inform the printing vendor to serve and file the subject documents and admitted his deceptions. On May 2, 2017, respondent tendered his resignation from the firm.
Respondent conditionally admits that his actions, as set forth above, violated all four charges as alleged in the petition of charges. Respondent was charged with violating Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) (two charges); rule 1.3(b) (a lawyer shall not neglect a legal matter entrusted to the lawyer); and rule 8.4(h) (a lawyer shall not engage [*3]in any other conduct that adversely reflects on the lawyer's fitness as a lawyer).
The parties agree that there are no aggravating factors outside of respondent's misconduct itself. Moreover, the parties have stipulated to the following facts in mitigation: there was no irreparable harm to any client as a result of respondent's misconduct; during the period at issue, respondent's father was diagnosed with a terminal illness and passed away in May 2018, the stress of which caused respondent to be distracted at work for a significant period of time; and he has no prior disciplinary history in more than 20 years of practicing law.
The parties cite similar matters involving neglect, misrepresentation and failure to communicate that have resulted in discipline ranging from censure (see Matter of Leighton, 158 AD3d 23 [1st Dept 2018]) to a nine-month suspension (see Matter of Weisel, 108 AD3d 39 [1st Dept 2013]). However, under the circumstances of this case, including the mitigating factors stipulated to here, the parties agree that the appropriate discipline to be imposed on respondent is a three-month suspension (see Matter of Alford, 166 AD3d 80 [1st Dept 2018] [three-month suspension]; see also Matter of Marshall, 153 AD3d 1 [1st Dept 2017] [same]).
In light of respondent's admitted misconduct, the mitigating factors presented and lack of aggravation, and the relevant case law, we find that a three-month suspension is a reasonable punishment for the type of misconduct in which respondent engaged.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent suspended from the practice of law in the State of New York for a period of three months and until further order of this Court, and the Committee's separately filed petition of charges be denied as moot.
All Concur.
Order Filed. [February 5, 2019]
The parties' joint motion for discipline by consent is granted (M-5538), and respondent is suspended from the practice of law in the State of New York for a period of three months, effective March 6, 2019, and until further order of this Court. The Committee's Petition of Charges is denied as moot (M-3649).