Matter of Wynn (2024 NY Slip Op 05644)

Matter of Wynn

2024 NY Slip Op 05644

Decided on November 14, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Tanya R. Kennedy
Justice Presiding
Martin Shulman Bahaati E. Pitt-Burke John R. Higgitt Kelly O'Neill Levy
Justices.

Motion No. 2024-02991 Case No. 2024-03894 

[*1] In the Matter of John T. Wynn, (Admitted as John Thomas Wynn), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John T. Wynn (OCA Atty. Reg. No. 1869155), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John T. Wynn, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 22, 1982.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent John T. Wynn was admitted to the practice of law in the State of New York by the First Judicial Department on March 22, 1982. This Court retains continuing jurisdiction over respondent as the Judicial Department in which he was admitted to practice pursuant to Rules for Attorney Discipline Matters § 1240.7(a)(2).
The relevant misconduct alleged in this matter arises from respondent's practice of law in the State of New Jersey. Respondent was admitted to the practice of law in New Jersey on December 17, 1981. He was engaged in private practice of law from 2008 through 2021. In 2012, he became an in-house counsel for a New Jersey corporation. Nevertheless, he continued his private practice, including three matters which form the basis of the New Jersey discipline.
First, at all relevant times, respondent maintained an attorney trust account and an attorney business account at a recognized financial institution. On October 12, 2017, the bank notified the New Jersey Office of Attorney Ethics (OAE) that respondent's trust account had been overdrafted in the amount of $5,510.48. The OAE investigation revealed that respondent deposited $37,886.56 in his trust account on behalf of an individual named G.P. on February 7, 2017. On July 3, 2017, respondent deposited $52,528.80 in the trust account on G.P.'s behalf. At the same time, respondent maintained $5,500 in personal funds in his trust account. Between July and September 2017, respondent attempted to withdraw his personal funds from his trust account via four separate checks totaling $10,700, thereby exceeding his personal funds maintained in the trust account by $5,200. He admitted to comingling his funds with G.P.'s and attributed the overdraft to "sloppy bookkeeping" and his failure to keep track of the funds in the trust account.
Second, on April 21, 2010, respondent was appointed as guardian of an individual named A.G. On September 11, 2010, A.G. executed a will by which she named respondent as executor. A.G. died on October 22, 2011; respondent submitted the will to probate on May 14, 2012. He appointed himself as attorney for the estate. As of October 24, 2019, the value of A.G.'s estate was $562,611.79, which included various securities. Respondent failed to liquidate the securities or deposit dividend checks into the executor account. Additionally, he did not distribute 7 of the 18 specific bequests contained in A.G.'s will, totaling $73,000. Even though not [*2]all specific bequests had been paid, respondent issued two checks to a residual beneficiary. Furthermore, before finalizing the administration of A.G.'s estate, respondent paid himself $87,050 for the executor's commission and attorney's fees. Specifically, he paid himself at a rate of $500 per hour despite having almost no experience in estate law. He arrived at this rate through an internet search.
Third, in 2011, respondent was appointed as the administrator of the estate of H.H. and R.H. (H Estate). As of September 2020, respondent had not yet finalized the H Estate, had not filed any paperwork with the Surrogate's office, and had not done any formal accounting.
Based on these facts, the OAE filed a complaint alleging that respondent violated New Jersey Rules of Professional Conduct (NJRPC) 1.1(a) (gross negligence); 1.3 (lacking diligence); 1.5(a) (fee overreaching); 1.15(a) (comingling funds); 1.15(d) (failing to comply with the record keeping requirements of R 1:21-6); 8.1(b) (failing to cooperate with disciplinary authorities); 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rules of Court 1:20-3(g)(3) (failing to cooperate in a disciplinary investigation).
A special ethics master held a hearing on September 25 and 28, 2020. By a report issued April 26, 2021, the Special Master found that respondent had violated NJRPC 1.1(a), 1.3, 1.5(a), 1.15(a), 1.15(d), 8.1(b), and Rule 1:20-3(g)(3), but not NJRPC 8.4(c). In the absence of a finding involving dishonesty, fraud, deceit, or misrepresentation (NJRPC 8.4[c]), the Special Master recommended a public censure on the condition that respondent complete all necessary work on the A.G. and H Estate matters. Alternatively, should respondent fail to complete all outstanding work on those matters, the Special Master recommended a three-month suspension.
On October 29, 2021, respondent and the OAE entered into a consent order by which 1) the OAE agreed to move for a temporary attorney-trustee over respondent's private practice; 2) the OAE agreed to ensure that the attorney-trustee coordinated with a law firm that had been engaged to finalize the A.G. and H Estate matters; 3) respondent agreed to cooperate in the appointment of the attorney-trustee; 4) respondent agreed to disgorge all legal fees and executor commissions distributed from A.G.'s estate; and 5) the OAE agreed to monitor respondent's monthly payments and, in the event of default, the OAE would immediately move for respondent's temporary suspension.
Following a de novo review of the record, the New Jersey Disciplinary Review Board (DRB) issued a decision dated October 30, 2023. Therein, the DRB affirmed the Special Master's report finding respondent violated NJRPC 1.1(a), 1.3, 1.5(a), 1.15(a), 1.15(d), and 8.1(b). The DRB recommended that respondent be suspended for a three-month period with conditions for reinstatement. The New Jersey Supreme Court adopted the DRB's misconduct findings and sanction [*3]recommendation and suspended respondent for three months, effective April 8, 2024, and imposed the agreed upon conditions for reinstatement.
Respondent did not notify the Attorney Grievance Committee (AGC) of his discipline in New Jersey as required by 22 NYCRR 1240.12(d). Instead, the AGC learned of the suspension via a notification from the Office of Court Administration.
The AGC now moves for an order, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, imposing reciprocal discipline on respondent based upon the temporary suspension imposed upon him by the Supreme Court of New Jersey and his failure to register as an attorney with the Office of Court Administration in New York.
Pursuant to 22 NYCRR 1240.13, an attorney who has been disciplined in a foreign jurisdiction may raise the following three defenses against the imposition of reciprocal discipline: 1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; 2) an infirmity of proof establishing the misconduct; or 3) the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in New York (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
The AGC argues that none of the enumerated defenses apply because respondent was given proper notice and had an opportunity to be heard in the New Jersey proceeding, as evidenced by his full participation in the two-day hearing before the Special Master, during which the parties were able to present witnesses and documentary evidence. Furthermore, the AGC alleges that respondent's actions constituted misconduct in New York. Specifically, respondent's conduct violated New York Rules of Professional Conduct (22 NYCRR 1200.00) rules 1.3(a) ("[a] lawyer shall act with reasonable diligence and promptness in representing a client"); 1.3(b) ("[a] lawyer shall not neglect a legal matter entrusted to the lawyer"); 1.5(a) ("[a] lawyer shall not make an agreement for, charge, or collect an excessive or illegal fee or expense"); 1.15(a) ("[a] lawyer in possession of any funds or other property belonging to another person, where such possession is incident to his or her practice of law, is a fiduciary, and must not misappropriate such funds or property or comingle such funds or property with his or her own"); and 1.15(d) (a lawyer shall maintain required bookkeeping records).
Based on the totality of respondent's misconduct and aggravating factors, such as his failure to report his discipline in New Jersey as required by 22 NYCRR 1240.13(d) and his failure to register as an attorney with the Office of Court Administration for the 2020-2021 and 2022-2023 reporting periods, the AGC contends that a three-month suspension is the appropriate sanction.
Respondent does not dispute the facts underlying the AGC's motion, nor does he oppose the AGC's proposed three-month reciprocal suspension. However, he raises two mitigating factors. First, he maintains [*4]that he tried to report his New Jersey discipline by sending a letter with a copy of the New Jersey order to the New York State Bar Association Committee on Professional Standards, rather than to the AGC. Second, he claims that he failed to file his biennial registration statements for the 2020-2021 and 2022-2023 reporting periods because he did not receive notices from the Office of Court Administration.
Initially, the New Jersey proceedings comported with due process, the record, which includes respondent's admissions at the hearing before the Special Master, supports the New Jersey Supreme Court's misconduct findings, and respondent's misconduct in New Jersey would also constitute misconduct in New York (22 NYCRR 1240.13). Additionally, respondent's failure to register and pay his biennial registration fee constitutes an independent ground for his suspension (see Judiciary Law § 468-a; Matter of Peralta-Millan, 141 AD3d 87 [1st Dept 2016]). Accordingly, the ACG's motion for reciprocal discipline should be granted (22 NYCRR 1240.13[c]).
Regarding the appropriate sanction, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning the sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]). Only in rare instances will we depart from the general rule (see Matter of Tustaniwsky, 204 AD3d 162, 165 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]), and we find no basis to do so here. A three-month suspension is appropriate notwithstanding respondent's failure to notify the AGC of his discipline in New Jersey, as it is commensurate with the discipline imposed by the New Jersey Supreme Court, and it is in accord with this Court's precedent involving similar conduct (see e.g. Matter of Sorote, 110 AD3d 259 [1st Dept 2013]; Matter of Militello, 76 AD3d 364 [1st Dept 2010]; Matter of Johannes, 66 AD3d 39 [1st Dept 2009]). Moreover, we note, and the AGC concedes, that respondent's failure to notify the AGC appears to be the result of mistakenly sending notice of the New Jersey discipline to the wrong organization, the New York State Bar Association, rather than a willful attempt to conceal his disciplinary record.
Accordingly, the AGC's motion for reciprocal discipline should be granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective 30 days from the date of this order, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, Judiciary Law § 90(2), and Judiciary Law § 468-a is granted, and respondent John T. Wynn is suspended from the practice of law in the State of New York for a period of three months, effective 30 days from the date of this order, and until further order of this [*5]Court,
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent John T. Wynn, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent John T. Wynn, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, John T. Wynn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: November 14, 2024