Matter of Tustaniwsky (2022 NY Slip Op 02203)





Matter of Tustaniwsky


2022 NY Slip Op 02203


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
David Friedman
Anil C. Singh
Martin Shulman
John R. Higgitt, JJ.


Motion No. 2021-04228 Case No. 2021-04589 

[*1]In the Matter of Oleh R. Tustaniwsky, (Admitted as Oleh Roman Tustaniwsky), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Oleh R. Tustaniwsky, (OCA Atty. Reg. No. 3982402.), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on July 24, 2001.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, Esq., of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Oleh R. Tustaniwsky was admitted to the practice of law in the State of New York by the Third Judicial Department on July 24, 2001, under the name Oleh Roman Tustaniwsky. Respondent's attorney registration address on file with the Office of Court Administration is located within the First Judicial Department.
Respondent was admitted to practice law in the State of California in 1986 and has been on inactive status since December 2005. He was also admitted to practice before the United States Court of Appeals for the Second Circuit in July 2005.
The Attorney Grievance Committee (the Committee) seeks an order, pursuant to Judiciary Law §90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.13, imposing reciprocal discipline on respondent predicated upon the Supreme Court of California's September 16, 2020 order (the California order) accepting respondent's resignation while disciplinary charges were pending. The Committee requests that respondent be sanctioned as this Court deems just and proper under the circumstances. Respondent pro se has not appeared in this proceeding or opposed the motion.
Although the Committee's motion is solely predicated upon the California order, a summary of respondent's prior disciplinary history is warranted. On July 9, 2014, the U.S. Court of Appeals for the Second Circuit publicly reprimanded respondent and also suspended him from the practice of law for one year due to his having defaulted on scheduling orders in multiple cases and having filed substantively deficient briefs and meritless pleadings in other cases (see In re Tustaniwsky, 758 F3d 179 [2d Cir 2014]).
Based upon the Second Circuit's suspension, the U.S. Department of Justice's
Executive Office of Immigration Review (EOIR)[FN1] issued an order on September 9, 2014
reciprocally suspending respondent for one year. Similarly, on September 16, 2015, the Supreme Court of California issued an order imposing upon respondent a four-year stayed suspension, a two-year actual suspension, and four years of probation based upon his discipline before the Second Circuit. As a condition of probation, respondent was required to, inter alia, file quarterly reports with the California Office of Probation.
The Second Circuit and the EOIR ultimately reinstated respondent. In February 2020, respondent submitted his resignation with charges pending to the State Bar of California admitting he violated Business and Professions Code §6068(k) by not filing reports in compliance with the conditions of his probation. The California order
accepted respondent's voluntary resignation with charges pending.
By order entered April 20, 2021, the Second Circuit deemed the California order accepting respondent's resignation while disciplinary charges were pending as one of disbarment under the Court's Local Rule 46.2(c)(1), and ordered that respondent be [*2]"reciprocally disbarred from the practice of law before this Court." In light of respondent's resignation in California, on May 18, 2021, the EOIR suspended respondent from practice before the Board of Immigration Appeals, the Immigration Courts and the DHS for two years.
Notably, respondent never informed the Committee of any of the foregoing discipline or his California resignation, though required to do so under 22 NYCRR 1240.13(d). The Committee now moves for reciprocal discipline.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), a respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
Notwithstanding that respondent does not raise any of the above defenses, none applies. Respondent was afforded due process in California, where he voluntarily resigned from the California bar while a disciplinary matter was pending. There is no evidence that he was denied the opportunity to answer the charges against him for violating the probation conditions. In addition, the record sufficiently supports the misconduct in California which is akin to misconduct in New York. Finally, respondent's misconduct in California would also constitute professional misconduct in New York under rule 8.4(d) (conduct prejudicial to the administration of justice) of the Rules of Professional Conduct (22 NYCRR 1200.0).
As to the appropriate sanction to impose, as a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which charges were initially brought (see Matter of Valvano, 186 AD3d 1, 5 [1st Dept 2020]; Matter of Byrne, 174 AD3d 180, 183-184 [1st Dept 2019]). Only in rare instances will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]). Here, as the EOIR found, a two-year suspension is reasonable under the totality of the circumstances.
Accordingly, the Committee's motion for reciprocal discipline should be granted and respondent is suspended from the practice of law for a period of two years.
All concur.
It is Ordered that the Attorney Grievance Committee for the First Judicial Department's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13 is granted, and respondent Oleh R. Tustaniwsky, admitted as Oleh Roman Tustaniwsky, is suspended from the practice of law in the State of New York for a period of two years, effective May 2, 2022, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent [*3]Oleh R. Tustaniwsky, admitted as Oleh Roman Tustaniwsky, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Oleh R. Tustaniwsky, admitted as Oleh Roman Tustaniwsky, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Oleh R. Tustaniwsky, admitted as Oleh Roman Tustaniwsky, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: March 31, 2022



Footnotes

Footnote 1: The EOIR oversees the Department of Homeland Security (DHS), the Board of Immigration Appeals and the Immigration Courts.