Matter of Salomon (2025 NY Slip Op 03255)

Matter of Salomon

2025 NY Slip Op 03255

Decided on May 29, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding

Motion No. 2024-05757, 2025-00278|Case No. 2024-05227|

[*1]In the Matter of Ronald S. Salomon an attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ronald S. Salomon (OCA Atty Reg. 2414662), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ronald S. Salomon, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 6, 1991.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Jun H. Lee, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

Motion Nos. 2024-05757, 2025-00278 — February 18, 2025
In the Matter of Ronald S. Salomon, an attorney
Per Curiam
Respondent Ronald S. Salomon was admitted to the practice of law in the State of New York by the First Judicial Department on May 6, 1991. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department. He was also admitted to practice before the Board of Immigration Appeals (BIA), the Department of Homeland Security (DHS), and the Immigration Courts.
On December 17, 2018, Disciplinary Counsel for the United States Department of Justice Executive Office for Immigration Review (EOIR) filed a Notice of Intent to Discipline (NID) charging respondent with (1) engaging in contumelious or otherwise obnoxious conduct in violation of 8 Code of Federal Regulations (CFR) 1003.102(g) and (2) violating the standards of conduct regarding civility, decorum, and professionalism expected of practitioners appearing before the Immigration Court in violation of 8 CFR 1003.102. The NID alleged that respondent engaged in professional misconduct while appearing before a New York immigration judge at a master calendar hearing on September 21, 2018. During the hearing, respondent, in a raised voice, called a legal assistant racist and antisemitic and accused her of targeting him, according to the NID.
On August 30, 2021, EOIR issued an amended order suspending respondent from practicing before the BIA, DHS, and the Immigration Courts for six months based on findings of professional misconduct. In the amended order, Immigration Judge Steven Morley, the adjudicating official appointed to preside over the disciplinary matter, sustained the first charge that respondent engaged in contumelious or otherwise obnoxious conduct in violation of 8 CFR 1003.102(g). Judge Morley found that respondent's accusations against the legal assistant were unfounded, abusive, and humiliating, noting that respondent admitted that he did not have proof to substantiate his claims of antisemitism and that publicly accusing a court employee of antisemitism "without objective foundation and only upon subjective belief represents an imminent threat to the administration of justice." Judge Morley dismissed the second charge that respondent generally violated standards of conduct in violation of 8 CFR 1003.102, noting that the "charge [was] not factually distinct from 8 CFR 1003.102(g), but appears to represent a more expansive charge related to his conduct."
In determining that a six-month suspension [*2]was the appropriate sanction, Judge Morley noted multiple aggravating factors, "the most significant" of which was respondent's disciplinary history. On March 13, 2007, the Attorney Grievance Committee (AGC) for the First Judicial Department issued respondent a letter of admonition for neglecting several client matters. On January 28, 2009, EOIR Disciplinary Counsel informally admonished respondent for frivolous behavior and making false statements in six immigration cases. On May 10, 2010, EOIR Disciplinary Counsel again informally admonished respondent for frivolous behavior and other violations in four immigration cases. On October 14, 2010, the United States Court of Appeals for the Second Circuit (Second Circuit) suspended respondent for three months for neglecting client matters, finding that he defaulted in roughly 125 out of 190 cases between 2005 and 2008. On July 12, 2011, EOIR imposed a non-identical reciprocal discipline on respondent based on the Second Circuit's October 14, 2010 order, suspending him for six months. On December 1, 2011, the First Judicial Department issued an order reciprocally disciplining respondent based on EOIR's July 12, 2011 order, suspending him for six months. On October 28, 2010, in a separate disciplinary matter, the First Judicial Department publicly censured respondent for neglecting client matters in nine immigration cases. On April 12, 2016, Disciplinary Counsel for EOIR admonished respondent for speaking in a "raised voice" to a legal assistant in the Memphis Immigration Court and "warned [him] about the need to act respectfully towards EOIR employees," cautioning him that "future misconduct . . . will result in formal disciplinary proceedings being filed against him."
Judge Morley found respondent's 2016 admonishment "extremely relevant" given that respondent was charged with violating the same regulation for raising his voice and acting uncivilly toward Immigration Court administrative staff. Judge Morley noted that because respondent was previously found to have violated the same regulation (8 CFR 1003.102[g]), was warned about the consequences of repeating that conduct, and "did so temporally proximate to the Memphis infraction," a public censure was an inadequate sanction, and a suspension was warranted instead.
In mitigation, Judge Morley found that respondent expressed remorse for his actions, testified that he would act more respectfully in the future, and had several letters filed on his behalf attesting to his professionalism and good character.
Respondent appealed the amended order, and on January 12, 2024, the BIA affirmed the amended order and issued a final order suspending respondent for six months effective January 27, 2024.
On June 18, 2024, Disciplinary Counsel for EOIR filed another NID charging respondent with violating 8 CFR 1003.102 by engaging in the unauthorized practice of law or aiding in the unauthorized practice of law before the Immigration Courts in violation of the August [*3]30, 2021 suspension order, by failing to notify his clients in two matters that he was suspended in a way that his clients understood, and by failing to notify his clients in three matters that he was suspended until shortly before their individual hearings. EOIR Disciplinary Counsel also charged respondent with engaging in conduct that is prejudicial to the administration of justice or undermines the integrity of the adjudicative process in violation of 8 CFR 1003.102(n). The NID alleged that while suspended, "[r]espondent met with and provided legal advice to clients, either personally or through his staff, accepted fees for legal services, and directed non-citizens to present a letter to the [c]ourt seeking a continuance due to his suspension." Further, "[r]espondent drafted written pleadings, which were filed under another attorney's name," according to the NID.
Although respondent in his Verified Answer dated July 8, 2024 denied the charges of misconduct in the June 18, 2024 NID, raised factual and legal issues, and presented mitigating factors, he entered into a settlement agreement with DHS and EOIR on August, 29, 2024 in which he admitted that he engaged in the conduct alleged in the June 18, 2024 NID and that his conduct violated the Rules of Professional Conduct. Specifically, respondent acknowledged that he failed to comply with the suspension order against him. The parties agreed that another six-month suspension from practicing before the BIA, DHS, and Immigration Courts should be imposed on respondent effect July 27, 2024. On September 3, 2024, EOIR issued a decision and order approving the settlement agreement and suspending respondent for an additional six months effective July 27, 2024.
The AGC now seeks an order, pursuant to the doctrine of reciprocal discipline as set forth in the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate to this Court why discipline should not be imposed in New York for the underlying misconduct outlined in EOIR's August 30, 2021 and September 3, 2024 orders, suspending respondent for 18 months, nunc pro tunc to July 27, 2024, and ordering him to participate in an anger management program with the New York State Bar Association's Lawyer Assistance Program (LAP). Respondent does not oppose the AGC's motion, but in a cross-motion, he requests that this Court suspend him for 12 months, nunc pro tunc to January 27, 2024, with the order that he participate in the anger management program with the LAP.
"In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York" (Matter of Milara, 194 AD3d 108, 110 [[*4]1st Dept 2021]).
Respondent concedes that he is subject to reciprocal discipline, and he does not assert any of the enumerated defenses. Regardless, none the defenses can prevail here. First, respondent was given proper notice and an opportunity to be heard and submitted verified answers to the NIDs in both suspension matters before EOIR. Additionally, respondent participated in the disciplinary hearing in one of the matters and entered into a settlement agreement in the other. Second, the "infirmity of proof" defense cannot prevail either, as the misconduct findings in both matters are fully supported by the record and by respondent's admission to his misconduct. Third, respondent's misconduct at issue before EOIR constitutes misconduct in New York. Specifically, respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.3(f)(2), 5.5(a), and 8.4(d). Accordingly, because no defense can prevail, the imposition of reciprocal discipline is appropriate and the only issue that remains is what sanction to impose.
With respect to the sanction, in reciprocal disciplinary proceedings, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018], citing Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]). "Only in rare instances will this Court depart from its general rule" (Matter of Tustaniwsky, 204 AD3d 162, 165 [1st Dept 2022]). This is one such case where a departure from this Court's general rule is warranted.
As it relates to respondent's contumelious or otherwise obnoxious conduct, "the sanction imposed by this Court on an attorney for contemptuous behavior varies widely depending upon the nature and extent of the conduct and the existence of mitigating and/or aggravating factors" (Matter of Sondel, 111 AD3d 168, 178 [1st Dept 2013]). Depending on the circumstances of the case, we have imposed sanctions ranging from public censures to multiple-year suspensions (see e.g. Matter of Hayes, 7 AD3d 108 [1st Dept 2004]; Matter of Wisehart, 281 AD2d 23 [1st Dept 2001], lv dismissed in part, denied in part 96 NY2d 935 [2001]). This Court has imposed a six-month suspension in a reciprocal disciplinary matter where the attorney had engaged in contemptuous conduct, had a disciplinary history, and displayed similar conduct during the disciplinary proceedings (Sondel, 111 AD3d 168). As it relates to respondent's unauthorized practice of law while suspended, this Court has typically imposed sanctions ranging from lengthy suspensions to disbarment for such misconduct (see e.g. Matter of Castro, 184 AD3d 272 [1st Dept 2020]; Matter of Gonchar, 166 AD3d 91 [1st Dept 2018], lv denied 32 NY3d 914 [2019]; Matter of Rosabianca, 131 AD3d 215 [1st Dept 2015]).
We agree with the AGC that circumstances of this case call for an upward [*5]departure to an 18-month suspension. In making this determination, we note respondent's significant disciplinary history, which includes his admonishment in 2016 for virtually the same misconduct that is at issue here. Coupled with respondent's unauthorized practice of law while under suspension and his recent problematic conduct toward an attorney for the AGC, an upward departure is warranted. That respondent be ordered to participate in an anger management program for one year is also appropriate given that respondent admitted that he has an anger management problem, indicated that he is seeking a referral for an anger management specialist through LAP, and is unopposed to participation in such a program. This Court declines to impose respondent's suspension retroactively given that an interim suspension was not imposed in this matter, there was no procedural delay by the AGC or this Court in imposing discipline, and respondent did not indicate that he voluntarily ceased practicing law under his New York license in anticipation of this reciprocal disciplinary proceeding (cf. Matter of Peters, 127 AD3d 103 [1st Dept 2015]; Matter of Filosa, 112 AD3d 162 [1st Dept 2013]; Matter of Gilly, 110 AD3d 164 [1st Dept 2013]).
Accordingly, the AGC's motion should be granted, respondent suspended from the practice of law for a period of 18 months, effective 30 days from the date of the order and until further order of this Court, and ordered to participate in an anger management program for one year. The AGC's request that the sanction be effective nunc pro tunc to July 17, 2024 should be denied. Respondent's cross-motion should be denied in its entirety.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13, is granted to the extent that respondent Ronald S. Salomon is suspended from the practice of law for a for a period of 18 months, effective 30 days from the date of the order, and until further order of this Court, and is directed to participate in an anger management program for one year; and
It is further Ordered that respondent's cross-motion is denied in its entirety; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Ronald S. Salomon, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Ronald S. Salomon, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered [*6]that if respondent, Ronald S. Salomon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: May 29, 2025