Matter of Murray-Nolan
2026 NY Slip Op 03365
May 28, 2026
Appellate Division, First Department
Per Curiam
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gwyneth Kathleen Murray-Nolan, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Gwyneth Kathleen Murray-Nolan (OCA Atty. Reg. No. 4868006), Respondent.

Supreme Court, Appellate Division, First Judicial Department
Decided and Entered: May 28, 2026
Motion No. 2025-06562, 2026-00612|Case No. 2025-07773|
Present — Hon. Dianne T. Renwick, Presiding Justice, Barbara R. Kapnick Lizbeth GonzáLez LlinÉT M. Rosado Kelly O''neill Levy

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Brian E. Shulman, of counsel), for petitioner.
Ronald A. Berutti, Esq., for respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Gwyneth Kathleen Murray-Nolan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on October 29, 2010.

Per Curiam
[*1]
Respondent Gwyneth K. Murray-Nolan was admitted to the practice of law in the State of New York by the Third Judicial Department on October 29, 2010. She maintains a registered address in the First Judicial Department.
A New Jersey District XII Ethics Committee (DEC) filed an ethics complaint against respondent charging her with having violated the New Jersey Rules of Professional Conduct (NJRPC) rules 1.7(a) and 1.8 by representing J.O. and H.H., co-owners of a real estate investment limited liability company (the LLC), as their personal counsel in spite of the fact that a clear conflict of interest existed between J.O. and H.H., favoring J.O. over H.H., and submitting documents to the court in H.H.'s name without his review or approval. The relevant facts are as follows.
In May 2015, respondent was retained to represent J.O., H.H., and the LLC in connection with the sale of commercial property and ongoing litigation related to the sale of the property brought by a former LLC member. On September 23, 2015, the court issued a consent order in connection with H.H.'s ongoing matrimonial litigation directing him to cooperate with the sale of the LLC property and execute all documents necessary to effectuate the sale, including a limited power of attorney to his wife. In July 2016, respondent and the former LLC member's counsel were negotiating the terms of a consent order to sell the property for $1.1 million. However, H.H. refused to agree to a purchase price of less than $1.6 million. Respondent emailed H.H. stating that she would have to move to be recused as counsel if J.O. did not execute the consent order as there appeared to be a conflict of interest between J.O and H.H.
On August 11, 2016, the court issued an order permitting the sale of the property, which was subsequently sold for $1.1 million on August 18, 2016. However, as H.H. refused to sign the closing papers, his wife, asserting her limited power of attorney, executed the relevant documents to effectuate the sale of the property. Respondent's billing records indicate that on August 19, 2016, she and attorney A.T., who had been retained to represent J.O. and H.H. in the lawsuit brought by the former LLC member, discussed "issues with [H.H.] and [a] possible conflict with [their] representation." On June 30, 2017, the court issued a final judgment of divorce, which, among other things, directed that the net proceeds from the sale of the property be held in escrow pending the civil litigation with the former LLC member. On November 1, 2016, respondent sent H.H. and J.O. an invoice for her legal services, which H.H. disputed.
[*2]
In July 2017, respondent filed a motion seeking payment of $228,813.29 in legal fees from the net proceeds from the sale of the LLC property that she was holding in her attorney escrow account. The motion included an undated certification from J.O. stating that he was satisfied with her services and requested that she be paid with the escrow funds. Respondent also included an undated certification from H.H., signed by his former spouse on his behalf (pursuant to the limited power of attorney she had been granted as part of her divorce), voicing no objection to the requested payment from the escrow funds. While respondent's fee motion was pending, she filed another motion on July 18, 2017, requesting that J.O. be paid $44,433.61 from the escrowed funds because he had purportedly incurred significant expenses maintaining the property prior to its sale. Along with her motion, respondent included a July 11, 2016 certification purportedly signed by H.H. in litigation with the former LLC member which referred to costs incurred by J.O. prior to the sale of the property. Notably, during the disciplinary hearing, H.H. testified that he: (1) had not approved respondent's fee application or the motion requesting repayment for J.O.; and (2) had not written the July 11, 2016 certification respondent submitted in connection with her motion for repayment to J.O.
In response to respondent's two filings, in July 2017, H.H. sent two emails to the court objecting to the motions and stating that a conflict had arisen between him and J.O. Subsequently, on August 1, 2017, H.H. sent respondent a letter terminating her representation of the LLC, and on August 2, 2017, the former LLC member filed a motion to disqualify respondent from representing the LLC and attorney A.T. from representing H.H. and J.O. in their personal capacities due to a conflict of interest.
On August 18, 2017, the court conducted a hearing on the motion, after which it issued an order disqualifying respondent from representing the LLC as its corporate counsel and disqualifying A.T. from representing H.H. and J.O. as their personal counsel FN1 due to a clear conflict of interest between H.H. and J.O. Further, the court found that respondent and A.T. appeared to have favored J.O. over H.H., potentially violating NJRPC rule 1.7 by abusing H.H.'s former spouse's limited power of attorney to advance J.O.'s position and sideline H.H. and, most significantly, by submitting documents to the court in H.H.'s name, which she knew to contain false statements regarding H.H.'s views of her legal fees, without his review or approval. The hearing panel did not address whether respondent's conduct also violated NJRPC rule 1.8 as alleged in the DEC complaint. The disqualification order was affirmed on appeal.
[*3]
Respondent, represented by counsel, contested the hearing panel's determination before the New Jersey Disciplinary Review Board (DRB). By decision dated January 6, 2025, the DRB affirmed the hearing panel's determination as to the finding that respondent violated NJRPC rule 1.7(a), but dismissed the NJRPC rule 1.8 charge as inapplicable.FN2 The DRB further opined that while the formal ethics complaint did not charge respondent with violating any NJRPC rules in connection with her submission of H.H's false certification, it considered that conduct in aggravation. The DRB recommended that respondent be censured, and by June 13, 2025 order, the Supreme Court of New Jersey affirmed the DRB's decision and censured respondent.
In accordance with the rules for attorney disciplinary matters (22 NYCRR) § 1240.13(d), on July 14, 2025, respondent notified the Third Department of her New Jersey discipline, wherein she also asserted defenses to reciprocal discipline. On November 11, 2025, the Third Department transferred the matter to the Attorney Grievance Committee (AGC) for the First Department.
The AGC now seeks an order from this Court, pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 1240.13 and Judiciary Law § 90(2), publicly censuring respondent, predicated upon the discipline imposed by the Supreme Court of New Jersey and directing her to demonstrate to this Court why discipline should not be imposed for the underlying misconduct in the form of a censure, or, alternatively, sanctioning respondent as this Court deems just and proper under the circumstances.
Respondent, however, in addition to opposing the AGC's reciprocal discipline motion, moves to dismiss, asserting, inter alia, that: (1) the record evidences prosecutorial misconduct on the AGC's part, because it initially stated that respondent failed to report her New Jersey discipline when she had in fact done so to the Third Department; and (2)she received "grossly incompetent legal representation" from her New Jersey counsel, against whom she has brought a legal malpractice action, and this Court should await the outcome of the malpractice proceedings before issuing reciprocal discipline.
In opposition to respondent's motion to dismiss, the AGC maintains, inter alia, that its statement that respondent failed to report her New Jersey discipline was neither prosecutorial misconduct nor a deliberate misrepresentation, but rather an error which was corrected.
"In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York" (Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
[*4]
The AGC maintains, and it is submitted, that none of the defenses apply herein. First, respondent was given proper notice and had an opportunity to answer the allegations in the New Jersey proceedings. Indeed, she appeared before the hearing panel in New Jersey and at oral arguments before the New Jersey Supreme Court while represented by counsel. Second, a review of the record establishes that there was no infirmity of proof. Respondent's misconduct was investigated and litigated before the New Jersey Supreme Court, which had before it a lengthy record that included a hearing transcript, email correspondence, oral argument transcripts, briefing by respondent, and the hearing panel's recommendation. Additionally, respondent's legal malpractice action brought against her New Jersey counsel is still pending and is thus based on allegations and not facts and cannot be used to establish an infirmity of proof defense under 22 NYCRR 1240.13(b)(2). Third, the misconduct for which respondent was disciplined in New Jersey would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.7(a). Furthermore, respondent's allegations of prosecutorial misconduct by the AGC are without merit, and her pending legal malpractice action against her New Jersey counsel does not serve as a basis to stay adjudication of the AGC's motion pending conclusion of the action. Accordingly, because no defense can prevail, the imposition of reciprocal discipline is appropriate and the only issue that remains is what sanction to impose.
With respect to the sanction, in reciprocal disciplinary proceedings, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018], citing Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]). "Only in rare instances will this Court depart from its general rule" (Matter of Tustaniwsky, 204 AD3d 162, 165 [1st Dept 2022]).
Thus, public censure, as requested by the AGC, is the appropriate sanction, as it is commensurate with the discipline imposed in New Jersey and generally accords with this Court's precedent in cases involving comparable misconduct (see Matter of Mueller, 194 AD3d 68 [1st Dept 2021]; Matter of Baldinger, 109 AD3d 322 [1st Dept 2013]; Matter of Gold, 240 AD2d 74 [1st Dept 1998]).
Accordingly, the AGC's motion for reciprocal discipline should be granted, respondent publicly censured effective immediately, and respondent's motion to dismiss denied in its entirety.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13 and Judiciary Law § 90(2), is granted, and respondent, Gwyneth Kathleen Murray-Nolan, is publicly censured; and
[*5]
It is further Ordered that respondent's motion to dismiss is denied.
Entered: May 28, 2026

Footnotes

Footnote 1
The hearing panel found that in addition to the LLC, respondent's retainer agreement designated both H.H. and J.O. "individually" as clients and that both H.H. and J.O. signed the agreement in their personal capacities.

Footnote 2
The DRB noted that NJRPC rule 1.7(a) which governs "general" conflicts of interest more appropriately encapsulated respondent's misconduct in this matter, whereas NJRPC rule 1.8, governs particular and specific conflicts of interest, none of which were applicable to this matter.